No. 9.—MARTIN B. EVERETT, and REUBEN B. HARRELL Ex'ors, plaintiffs in error, vs. JAMES M. MOUNT, Adm'r. defendant in error.

The fourth item of the will contains the following words: "I desire that the balance of my property shall remain together until my youngest child comes of age, each to be clothed and educated out of my estate, equal with my other children, and my estate to pay them one thousand dollars as they come of age; and when my youngest child comes of age, I wish an equal division or the balance of my property," &c. One of his daughters died before she arrived at the age of twenty-one years, and the bill is filed by her administrator, claiming the legacy. The bill was demurred to, on the ground, that the legacy did not vest in the intestate.
Held, That the legacy vested on the death of the testator.

In Equity, in Pulaski Superior Court. Decision on demurrer, by Judge LOVE, at October Term, 1856.

James M. Mount, administrator of his wife, Margaret Elizabeth Mount, deceased, formerly Margaret Elizabeth Harrell,

filed this bill against Martin B. Everett and Reuben Harrell, executors of the last will and testament of Miles Harrell, deceased, for an account and settlement of the estate of said testator, and for recovery of the legacy and estate coming to his late wife, under said will.

The following is the last will and testament of Miles Harrell, under which complainant claims, and upon the construction of which the questions made by the demurrer, arises, viz:

GEORGIA,        )    In the name of God, Amen.   I, Miles
Pulaski County.  ∫ Harrell of said State and county, being of advanced age, and knowing that I must shortly depart this life, deem it right and proper, both as it respects myself and my family, that I should make a division of the property of which a kind Providence has blessed me.   I therefore make this my last will and testament, hereby revoking and annulling all others heretofore made by me.

*Item First:* I desire and direct that my body be buried in a decent and christian-like manner, suitable to my condition and circumstances.   My soul I trust, shall return to rest with God, who gave it, as I hope for eternal salvation through the blessed Lord and Saviour Jesus Christ, whose religion I have professed, and as I humbly trust enjoyed, for thirty-five years.

*Item Second:* I desire and direct all my just debts be paid without delay by my executors hereinafter named, as I am unwilling my creditors should be delayed of their rights, especially as there is no necessity for delay.

*Item Third:* I give and devise to my beloved wife Margaret (with whom I have lived in the strictest quiet and love, for thirty years,) my houses, furniture and gardens and yard, situated on lots No. 7 and 14, in the eighth district of Dooly, now Pulaski county, during her natural life or widowhood. If she shall marry, I desire that there be a division of the above named property equal, and my wife have a child's part.

*Item Fourth:* I desire that the balance of my property shall remain together until my youngest child comes of age; each one to be clothed and educated out of my estate equal with my other children, and my estate to pay them one thousand dollars as they come of age, and when my youngest child comes of age, I wish an equal division of the balance of my property.   My son Henry has received $1285; my son-in-law, Martin B. Everett has had of my estate to the amount of $809; my son Robert has received $130; and I devise to him five negroes, viz: Agnes a woman, and her four children, Isaac, Susan, Tom, and Patience; these negroes I estimate at $1,400, which I allow to him at, as his first payment in my estate.   I desire that all that Henry and Robert has received over one thousand, shall stand against them till there be a general division of my estate.   I will that my son-in-law, Martin B. Everett, be paid $191 to make up his first payment.

*Item Fifth:* I constitute and appoint my beloved wife Margaret, executrix, and my son-in-law Martin B. Everett and son Reuben Harrell, executors, to this my last will and testament.   This June 29th, 1846.

MILES HARRELL, *L. S.*

Signed, sealed and delivered as his last will and testament, in the presence of us subscribing witnesses, who subscribed our names hereto, in the presence of said testator and of each other, this June 29th, 1846.

CATHARINE MATHEWS,
DANIEL McLEOD,
ISAAC D. JOHNSON.

The bill alleges, that Miles Harrell, the testator, died in the year 1846, after making said will, leaving his widow, and eight children, to-wit: Henry, Robert, Reuben, Sarah the wife of Martin B. Everett, William, Miles, James and Margaret Elizabeth.   That testator left a considerable estate, real and personal, consisting of lands, negroes, stock on his plan-

tation, &c.   That Martin B. Everett and Reuben Harrell, two of the executors, therein named, qualified and took possession of the whole estate, and have employed the negroes on said plantation ever since, and realized large sums from the proceeds of the crops, &c.

The bill further alleges, that at the time of the death of said testator in 1846, Margaret Elizabeth, one of his children, was a minor; that on the 23d day of December, 1852, complainant intermarried with said Margaret, and on the 26th January, 1853, she departed this life intestate, without issue, and under the age of twenty-one years, and that complainant has taken out letters of administration on her estate; that all that was ever received by his wife or himself from the estate of her father, was about four hundred dollars, paid to him in the life time of his wife, by the executors, and that the youngest child of testator, to-wit, James Harrell, has attained the age of twenty-one years, and that complainant now as the administrator and representative of his wife and in her right, is entitled to an account from the executors, and to receive from them the legacy or interest of said Margaret Elizabeth in the estate of her father under his said will, and which share or interest, the complainant maintains, is the one-ninth part of said estate; that he has applied to the executors for an account and settlement, but they refuse so do, and deny complainant's right to any portion of said estate.

The defendants demurred to this bill, on the grounds:

1st. That the intestate of complainant died under the age of twenty-one years, and therefore no title to any of the estate of Miles Harrell, ever vested in her under any clause of said will.

2d. Because the estate of Miles Harrell the testator, consisted of real and personal property, and complainants intestate having died before the time for the division of said estate, it lapsed and never vested.

3d. Because, if the estate ever vested in complainant's in-

testate, he cannot recover it before the time at which she would have been twenty-one years old, if she had lived.

As there was nothing on the face of the bill to support the third ground of demurrer, it was abandoned on the argument.

The Court overruled the demurrer, and ordered defendants to answer; and counsel for defendants excepted.

F. SCARBOROUGH, for plaintiffs in error.

KILLEN; and I. L. HARRIS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

Whether the legacy vested in all the children at the death of the testator, depends upon the object and intention of the testator. As remarked by a learned lord Chancellor of England; "upon such a question no one can be quite sure, that any decision is right." We must determine by the best guides we have.

In the beginning of the will, the testator declares it to be right and proper, both as it respects himself and family, that he should make a division of his property. He makes a special bequest to his wife. He directs the balance of his property to be kept together until his youngest child becomes of age. He explains his object. It is not for the purpose of accumulation; but it is for the benefit of those of his children who have not attained majority. That is his exclusive reason for directing the property to remain together. Each of his children was to be clothed and educated to equalize them with his elder children, who had been clothed and educated. As they became of age, they were to have a thousand dollars. The only object of the testator in making a will seems to have been to provide for his wife a comfortable home during her life, and to give the same advantages to his younger children, that his older children had enjoyed. In all other respects, the will makes just such a distribution of

his property as the law would have made.   There is nothing in the whole plan of the will  which manifests an intention that the property should not vest.   It would seem to be inconsistent with principle to hold that the property did not vest in those for whose exclusive use it was to be kept together, and for which reason alone the division was postponed until the youngest child became of age.   He directed his estate to pay them one thousand dollars as they became of age.   When his youngest child became of age, he wished an equal division to be made of his property.   There is no condition annexed to the bequest.   No word is used indicative of an intention, on the part of the testator, that the property should not vest at his death in all his legatees.

In the Circuit Court of the United States, for the third Circuit, a somewhat similar case was decided.   *Reading vs. Blackwell, Baldwin's Reports* 166.   The testator directed his real estate in New York, to be sold when J. H. W. should attain, or in case of his death, might have attained, the age of twenty-one years.   He directed one half of the proceeds of the sale to be carried to the residuary part of his estate.   This residue he gave to certain legatees, three of whom died before J. H. W. attained the age of twenty-one years; before, therefore, the land in the city of New-York could be sold, and of course, before one half of the proceeds could be carried to the residue of the estate.   It was held that the legacies vested at the testator's death, and that the personal representatives of the deceased legatees were entitled to them.

It is insisted in this case, that there was no gift of the legacy prior to the period appointed for its payment, and that complainant's wife having died before that time, the legacy did not vest in her.   The intermediate interest of the entire residue of the estate is directed to be applied to the clothing and education of those of the testator's children, who had not attained the age of twenty-one years, and among them was included the complainant's deceased wife.   This circum-

state had the effect, *prima facie*, of vesting the legacy.    1. *Roper on Leg*. 387—8.

Other circumstances prove that the testator intended the legacy to vest on his death.   His only objection, as is manifestly collectible from his will, to the immediate distribution of his estate, was that the younger children might be clothed and educated before the division.   It was a gift to them for that purpose up to the time mentioned in the will.   But if the youngest child had died, under age, and the others were at that time of full age, the estate would have been immediately distributable, because the reason which operated on the testator would no longer have existed.

This is a contest amongst the children of the testator, all of whom are legatees under the will.   There is no expression in the will, which shows an intention on the part of the testator to give a preference to one of his children over another; on the contrary, his main object seems to have been to equalize their interest in his estate under his will.   His elder children had been clothed and educated by him until they arrived at age.   This is to be presumed.   If an immediate distribution had been ordered, they would have had, to that extent, a greater interest in the estate than the younger children.

The testator had given off to such of his children as had arrived at age, property or money, but not an equal amount to each.   He provides for a division, on terms of perfect equality, at the final distribution of his estate.   He had given one of his sons something more than one thousand dollars. The excess he directed to be charged against him at the final distribution.   He had given his son-in-law, less than a thousand dollars.   He bequeaths to him a sum of money to make up that amount.   He had given another son an inconsiderable sum.   He bequeaths to him a few negroes, and fixes a value on them, and directs that at the general division he should account for all over one thousand dollars.   He directs

that each of his younger children as they respectively become of age, shall be paid one thousand dollars.

When his youngest child comes of age, he wishes an equal division made of the balance of his property. But amongst whom is this division to be made? The testator does not say. If there was no bequest until the period fixed for the division, there is certainly no express bequest to any one at that time.

We think it evident from the whole plan of the will, that the testator intended that his estate, except what he had bequeathed specifically to his wife, should vest in his children, and perhaps his wife, at the time of his death, and that he only fixed the period at which the distribution should be made.

Judgment affirmed.