JAMES L. HARRIS, Exr., et al. Appellants, v. J. R. W. COOK, Admr., et al., Respondents.

St. Louis Court of Appeals, February 3, 1903.

Will: BEQUEST: VESTED LEGACY: CONSTRUCTION.    Where a clause of a will recites, "I give and bequeath" to a legatee a certain sum "when he shall arrive at the age of twenty years, the said sum . . . to be loaned out on good real, estate security, and the interest accruing therefrom to be paid" to the legatee;    *Held,* that the will confers a legacy vesting at the time of the testatrix's death, payment merely being postponed until the legatee reaches the age named.

Appeal from Montgomery Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*Wellington Gordon* and *E. Rosenberger & Son* for appellants.

(1)    The controlling guide in construing a will is to ascertain the intention of the testator.    Sec. 4650, R. S. 1899; Turner v. Timberlake, 53 Mo. 371; Smith v. Hutchinson, 61 Mo. 83; Long v. Timms, 107 Mo. 512;

Murphy v. Carlin, 19 S. W. 543. (2) In construing a will the circumstances surrounding the testator, the subject-matter of the devise, and the persons to be benefited ought to be considered in order to determine the real objects of testator's bounty. Reinders v. Kopple-man, 94 Mo. 338; Murphy v. Carlin, 9 S. W. 543; Garth v. Garth, 139 Mo. 456; Walton v. Dumtra, 152 Mo. 489; McMillon v. Farrow, 141 Mo. 55. (3) The eight-hundred-dollar legacy mentioned in the fifth item of the will in controversy, is a contingent legacy and not a vested legacy. 2 Blackstone's Com., p. 513; Hanson v. Graham, 6 Ves. 245; Onslow v. South, 1 Eq. Cas. Abr. 295, pl. 6.

*W. B. M. Cook* for respondents.

(1) In giving construction to a will, all the parts of it should be examined and compared and the intention of the testator ascertained, not from particular phrases or clauses, but from the whole instrument. If it contains doubtful or ambiguous terms or expressions, the situation of the testator, the objects of his bounty, and all the circumstances surrounding the parties, should be considered. Our statute provides that in the construction of wills, courts shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them. R. S. 1899, sec. 4650; Schoer v. Carter, 120 Mo. 413; Jarboe v. Hey, 122 Mo. 348; Redman v. Barger, 118 Mo. 568; Garth v. Garth, 139 Mo. 462. (2) In giving a practical construction to wills, technical rules, when they stand in the way of the manifest intention of the testator, may be disregarded. Collier's Will, 40 Mo. 321; Suydam v. Thayer, 94 Mo. 55; RoBards v. Brown, 167 Mo. 457. (3) Where an absolute vested interest in a defined and designated fund is given to an infant legatee, so that according to the ordinary rule of law it would be payable on the legatee's attaining his majority, but

payment is postponed by the will until a period beyond his majority, the courts have in several instances ordered payment on the legatee's reaching twenty-one years of age, on the ground that the direction to withhold the possession of the property from the legatee after he reached his majority, was inconsistent with the absolute rights of property given him by the will. And that he may, on attaining his majority, obtain an order for its payment notwithstanding such postponement. 18 Amer. and Eng. Ency. of Law (2 Ed.), 793; Dado v. Maquire, 71 Mo. App. 641; Rocke v. Rocke, 9 Beavan 66; 2 Woerner on Administration, 995-996; Fonereau v. Fonereau, 3 Atkyns Rep. 644. (4) The legacy to Francis W. Walker is accompanied with an absolute gift of the interest. The rule is now well settled that although there be no gift of a legacy previous to the period appointed for its payment, yet if the immediate interest be given to the legatee, or be directed to be applied for his maintenance or education, these circumstances will have the effect to vest the legacy. Dupre v. Thompson, 8 Barbour's Rep. 537; Fonereau v. Fonereau, 3 Atkyns 644; Hanson v. Graham, 6 Vesey 239, and notes; Everett v. Mount, 22 Ga. 323; Felton v. Sawyer, 41 N. H. 202; 2 Williams on Executors, 958; Roper on Legacies, 573, and authorities cited. (5) Adverbs of time, as "when," "there," "after," "from," and like expressions, do not make a contingency, but merely denote the commencement of the enjoyment of the estate or legacy. Chew v. Kellar, 100 Mo. 360; 4 Kent (11 Ed.) 230; Collier's Will, 40 Mo. 322; Hanson v. Graham, 6 Vesey, Jr. Rep. 246.

BLAND, P. J.—The action was brought in the Montgomery Circuit Court for the purpose of having the second and fifth clauses of the last will of Nancy Harris Adams construed, as the parties in interest were unable to agree upon the construction of these clauses of the will.

The second clause of the will reads as follows:

"2. I give, devise and bequeath to my beloved brother, Barnabas Harris, for and during his natural life, the sum of $80 per annum out of the income, rents and profits of the real estate and real estate rights and interest of which I may die seized and possessed, consisting of thirty-one acres lying, being and situate in sec. —, T. 47, R. 6, in the county of St. Louis and State of Missouri, acquired by me from my father, Simpson Harris, and my mother, Mary Harris."

The fifth clause is as follows:

"5. I give and bequeath to Francis W. Walker as a token of love to him the said Francis W. Walker, who has been cared for by myself and husband since his childhood, the sum of $800 when he shall arrive at the age of twenty-six years. The said sum of $800 I direct to be loaned out on good real estate security and the interest accruing therefrom to be paid to the said Francis W. Walker. If there be not enough money left of my personal estate to pay said $800, after paying all of my just debts, funeral expenses and administering and settling up my estate, then and in that event I direct that all of my real estate in St. Louis county and Montgomery county, Missouri, above described be rented until a sufficient sum shall have accrued with which to pay said sum of $800."

The facts are all admitted by the pleadings and by an agreed statement of facts filed at the trial. So far as they are material to the controversy they are as follows:

J. L. Harris is the executor of the last will of Nancy Adams. Plaintiffs and defendant, except Cook and Rodgers, are all the heirs at law of Nancy Adams. Francis W. Walker, after arriving at the age of twenty-one years, assigned, for a valid consideration the legacy of $800, bequeathed to him by the fifth clause of the will, to defendant J. P. Rodgers. Francis Walker died in-

testate before he was twenty-six years old and James Cook is the administrator of his estate.

It is admitted that the rents and profits of the land described in the second clause of the will are more than sufficient to pay the annuity of $80 to Barnabas Harris, and that there is a surplus of these rents in the hands of the executor. The court found that this surplus went to the estate of Nancy Adams and this ruling is conceded by appellant to be correct.

The court found that under the fifth clause of the will the $800 bequeathed to Francis Walker was a vested legacy. To this ruling of the court the plaintiffs duly saved their exceptions and perfected their appeal to this court in the usual way.

The language of the fifth clause of the will is, "I give and bequeath to Francis W. Walker . . . the sum of $800 when he shall arrive at the age of twenty-six years." The will then directs that this sum be loaned at interest and the interest be paid to Walker. The will required the $800 to be immediately severed from the body of the estate of Nancy Adams upon the occurrence of her death and to be put at interest for the benefit of Walker and that the interest be paid to him until he became twenty-six years old when he was to have the principal sum. No gift over was made in case of the death of Walker antecedent to his becoming twenty-six years old.

A case on all fours with the one at bar is Wardell v. Hale, 161 Mass. 396, in which, "A testator gave to his son 'the sum of ten thousand dollars, to be paid to him at my decease, if he shall then have arrived at the age of twenty-one years; if he shall not then be twenty-one years old, the same to be paid to him when he shall attain that age. I also give to him the sum of twenty thousand dollars, to be paid to him when he shall attain the age of twenty-five years, together with the further sum of twenty thousand dollars, to be paid to him when he shall attain the age of thirty years.' The son

died before attaining the age of thirty years, and after the time when, had he lived, he would have reached that age, his administrator brought an action to recover the third legacy. *Held,* that the legacies vested in the son on the death of the testator, and that only the time of payment was postponed until he should reach the ages respectively prescribed."

In Fonnereau v. Fonnereau, 1 Vesey, Sr., 117, a legacy was given to F. when he should attain twenty-five, interest in meantime, and part of the principal to apprentice him out: *Held,* to be vested and transmissible gift though F. died before he attained twenty-five years.

In Cave v. Cave, 2 Vern. Ch. 508, Sir Rodger Cave by his will devised four thousand pounds to his son Charles, to be paid him at the age of twenty-five, and interest in the meantime, and he thereout to have a maintenance. Charles died under age. It was decreed that the bequest vested an interest in Charles for the reason that it was to carry interest immediately. Substantially the same ruling was made in Greet v. Greet, 5 Beav. 123, and In re Rogers, 94 Cal. 526.

In Warner v. Durant, 76 N. Y. 133, it was ruled that, "Where, by the terms of the bequest, the gift is to be served instanter from the general estate, and to be held by trustees for a specified time for the benefit of the legatee, and then to be paid over to him, and, in the meantime, the interest thereof to be paid to him, this is indicative of the intent of the testator that the legatee shall, at all events, have the principal, and is to wait only for the payment until the day fixed."

Had the bequest ended with the words "when he shall arrive at the age of twenty-six years" the legacy would have been a contingent one. But the clause following these words directing that the sum shall be taken from the bulk of the estate immediately on the death of the testatrix and loaned at interest for the benefit of the legatee shows that the intention of the testatrix was

that the gift should immediately vest on her death and that the payment only was to be postponed.  Hanson v. Graham, 6 Vesey, Jr., 239; Everett & Harrell v. Mount, 22 Ga. 323; Felton v. Sawyer, 41 N. H. 202.

We conclude that the intention of the testatrix was to devise $800 to Walker to vest immediately on her death and affirm the judgment.  *Reyburn* and *Goode*, *JJ.*, concur.