[No. 4,438.]

## ROSA A. WELCH v. CHARLES E. HUSE AND JOSE MARIA HILL, EXECUTORS OF THE WILL OF N. A. DEN, DECEASED, ET AL.

CONSTRUCTION OF WILL.—A will which devises a certain number of cattle and sheep, and also bequeaths to the devisee the right, during his natural life, to pasture the cattle and sheep on land of the testator devised to another, is to be construed as giving to the devisee the right to graze on the land, during his life, the number of cattle and sheep bequeathed, even if not the identical live stock bequeathed.

IDEM.—Wills are to be liberally construed so as to effectuate the intention of the testator.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

Nicholas A. Den died in 1862, leaving a will, in which he nominated defendants Huse and Hill his executors; and bequeathed to his wife, Rosa A. Den, his family carriage and horses used therewith, the furniture in his dwelling-house on the Rancho Dos Pueblos, and one fourth of his personal property, including cattle, horses, and sheep; and, " during the term of her natural life, the right to graze, maintain, and keep the cattle and live stock hereby bequeathed to her upon the said farm or rancho, known as the Dos Pueblos." By the said will he devised the said rancho to his executors, in trust for his children, but gave to his wife the possession and enjoyment of the dwelling-house thereon during her natural life.  The widow intermarried with G. C. Welch, and on the 6th day of March, 1874, commenced this suit. The complaint was in equity; and, after alleging the death of Den, and that the will was probated, averred that the estate had not been settled or distributed.  The defendants, other than the executors, were the children of the testator, and persons who, it was alleged, claimed to have purchased portions of the land.  The complaint also alleged that the testator owned, at the time of his decease, five thousand horned cattle, two thousand sheep, and four hundred horses ; and that, by the will, the plaintiff became entitled to one thousand two hundred and fifty cattle, five hundred sheep, and one hundred horses; and that the defendants claimed that the testator left only two thousand cattle, one thousand sheep, and one hundred and fifty horses, and that the plaintiff did not become entitled to graze more than one fourth of said last named number, and were continually driving and causing to be driven off the rancho the cattle, horses, and sheep which the plaintiff endeavored to graze in accordance with the terms of the will.   A decree was asked confirming the plaintiff's right to graze one thousand two hundred and fifty cattle, five hundred sheep, and one hundred

horses, and restraining the defendants from interfering with her right to graze that number; and it was also asked that the executors be required to set apart for the plaintiff a portion of the rancho sufficient for grazing said stock. The defendants demurred to the complaint, the Court below sustained the demurrer, and the plaintiff appealed.

*Fawcet & O'Brien*, for the Appellant.

The question is, whether, as claimed by the defendants, the right of the plaintiff under this provision of the will was to graze, etc., the identical stock bequeathed to her and no other stock, or, as intimated by the Court, that particular stock and its increase, or whether, as we contend, the devise was to graze, keep and maintain the amount of or number of stock bequeathed, during her natural life. It is admitted by all parties to this suit, for purpose of argument, that all the live stock bequeathed, or nearly all, perished by the drought, soon after the death of the testator. If the testator intended to limit the devise to the particular stock bequeathed, then the devise should have been during the natural life of the horses, cattle and sheep, and not during the natural life of the devisee. To so construe the language would be to give to the devisee a constantly diminishing estate, liable to be extinguished at any time by the death of all the stock, which, it seems, actually occurred soon after the testator's death. If, therefore, the identical stock bequeathed, and no other or different stock could be grazed, etc., on said rancho by the plaintiff, under the provisions of the will, then the devise to her of an interest in the lands is made subordinate to a bequest of personal property, and thereby the estate is defeated; both bequest and devise fail, and she is, in effect, disinherited. Such a construction would be in violation of the well known rule, "That the heir is not to be disinherited, unless the intention to do so is very clearly expressed." (1 Redfield on Wills, 3d ed., pp. 434–5, Sec. 18.)

What is there that is obscure or ambiguous in the language above quoted? The location of the devise is fixed on the "farm or rancho known as Dos Pueblos." The dura-

tion of the estate is "during her (the devisee's) natural life." Nothing therefore seems to us to be left uncertain except the amount or extent of the estate devised. This might have varied according to the varying circumstances of the deceased at or before his death. At his death the estate vested, and then, we think, the amount thereof, as well as the location and duration, became fixed and unalterable. How was this determined? What amount of stock was she then entitled to graze, keep and maintain on said rancho? To this we think there can be but one satisfactory answer, to-wit: the amount bequeathed to her. (1 Redfield on Wills, 3d ed., 453, Sec. 33; Id., 3d ed., 423–4, note at bottom; Id., 3d ed., 430, Secs. 15 and 16; Id., 3d ed., 469, Sec, 5: *Chrystie v. Phyfe*, 19 N. Y., 348.)

*Charles E. Huse*, for the Respondent.

By the Court, CROCKETT, J.:

The testator devised to his widow one fourth part of his personal property, including horned cattle, horses and sheep, and the will then proceeds as follows: "And I give and devise to her, during the term of her natural life, the right to graze, maintain and keep the cattle and live stock hereby bequeathed to her, upon the said farm or rancho known as the Dos Pueblos." The only question presented on the present appeal is whether, under this clause of the will, the right of pasturage devised to the widow is to be limited to the identical cattle and live stock bequeathed to her, or whether the will confers upon her a right of pasturage for a number of cattle and live stock equal to the number devised to her, irrespective of the question whether they are the same identical cattle and live stock or others substituted for them.

Wills are to be liberally construed, so as to effectuate the intention of the testator; and the right of pasturage devised to the widow being "for the term of her natural life," the testator must have foreseen that, in the ordinary course of nature, the widow might and probably would survive the identical cattle bequeathed to her. He must also

have contemplated that she might find it to her advantage
to exchange a portion of the cattle for others, or that some
calamity might diminish the herd, which she would desire
to replenish with other cattle. We think it was the inten-
tion of the testator, in view of these contingencies, to con-
fer upon the widow a right of pasturage for a number of
cattle and live stock, equal to those bequeathed to her, re-
gardless of the question whether they were the same or
others substituted for them.

Judgment reversed and cause remanded, with an order
to the Court below to overrule the demurrer to the com-
plaint.

Mr. Justice McKinstry did not express an opinion.