ANDREW J. COE AND ANOTHER, EXECUTORS, vs. CHARLES P. JAMES AND OTHERS.

New Haven Co., Dec. J., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

A testator gave his property to a son, a grandson, and two granddaughters, with a provision that if any of the legatees should die without issue the share of such decedent should go to certain others. Held to mean a dying without issue in the lifetime of the testator, and that the legatees surviving the testator took an absolute estate in the property given.

[Argued Dec. 7th, 1886—decided January 26th, 1887.]

SUIT for the construction of a will, brought to the Superior Court in New Haven County, and reserved for the advice of this court. The case is fully stated in the opinion.

A. J. Coe, for the plaintiffs.

S. E. Baldwin, for the defendants.

GRANGER, J. This is a suit brought by the executors of a will to obtain a construction of the will.

By the will the testator gives to his granddaughters,

Harriet T. James and Edith James, each five thousand dollars. Of the residue he gives one third to his son Charles U. Shepard, Jr., and of the residue after the payment of these three legacies, he gives two thirds to his daughter, Fanny B. James, for life, with the remainder to his two granddaughters before named; and the remaining one third to his grandson, Louis S. De Forest, and in case of his death without issue, then to the father of said Louis, John W. De Forest, for life, with the remainder to the granddaughters named.

Then follow the provisions of the will as to which the present question arises, which are as follows :—" In the event of the death of my said son without issue, his portion to go to my other legatees herein named, to be shared in the same manner as the residue of my estate hereinbefore last named. In case my said son, grandson or granddaughters shall leave descendants, their respective shares under this will shall go to said descendants severally. In the event of the death of either of my said granddaughters without issue, everything given her hereby shall go to her mother for life, remainder to her father for life, remainder to my surviving granddaughters and my grandson, share and share alike; and in the event of the death of both without issue, then the shares of both shall go in like manner to said parents and to my said grandson."

The question made in the case is—whether the provision with regard to the death of the son, grandson and granddaughters without issue, was intended to limit the estates given them to life estates, or only to provide for the contingency of their dying before the death of the testator.

This question is to be determined, not by the application of any technical rule to the construction of the will, but by ascertaining from the will if possible the real intent of the testator.

There is nothing in the will beyond the expression quoted to indicate an intention to limit the estates given to estates for the lives of the persons to whom they are given, while the frequent designation of an estate as one for life when it

was clearly intended to be such, shows that the testator was perfectly familiar with the language ordinarily used in describing an estate for life. It is also to be considered that the legatees and devisees in question were the natural objects of the testator's bounty, being his son, grandson and granddaughters, and no reason is apparent why he should limit their estates when evidently desirous to keep the property in the family. By construing the term " dying without issue " as meaning dying before the death of the testator without issue, every apparent intent of the testator, and every intent that we can regard as probable upon the facts of the case, seems to be satisfied.

We conclude therefore that the only contingency affecting the bequest to the son, grandson and granddaughters, was their dying in the lifetime of the testator, and as they all survived the testator, we think each took an absolute estate in the property given.

The construction which we thus give to the will is sustained not only by a rule of very general application (1 Jarman on Wills, 782,) but by recent decisions of this court. *Phelps* v. *Robbins*, 40 Conn., 250; *White* v. *White*, 52 Conn., 518.

The Superior Court is advised to give a construction to the will in accordance with these views.

In this opinion the other judges concurred.