[S. F. No. 909. Department Two.—October 26, 1897.]

## In the Matter of the Estate of JOSHUA HENDY, Deceased.

TRUST—WILL—DURATION OF TRUST—LIFE IN BEING.—A provision in a codicil of a will that a previous unconditional bequest of five thousand dollars to the testator's niece, who was living at the time of his death, "is to be held in trust by my executors for her benefit and the interest is to be paid her monthly, at her death the same to be continued to her two children . . . . until they are each twenty-five years of age, when the five thousand dollars shall be paid to them share and share alike," establishes two independent trusts, the first for the benefit of the niece, and the other for the benefit of her children. The first trust, being dependent upon a life in being, is valid, irrespective of any invalidity in the latter, and it was error for the court to decree a distribution of the fund absolutely to the niece.

ID.—POWER OF ALIENATION.—A trust is not invalid for undue suspension of the power of alienation, if, by its express terms or by necessary construction, its ultimate duration is always dependent upon lives in being. No absolute or certain term, however short, is valid.

ID.—CONSTRUCTION OF TRUST.—The trust for the benefit of the children, who were in being at the death of the testator, is not invalid for undue suspension of the power of alienation, because in no possible event is the power of alienation suspended beyond the existence of lives in being. If the niece outlives her children, then the trust must cease upon her death; if she dies before her children, and they in turn both die before reaching the age of twenty-five years, the trust

would terminate for lack of beneficiaries; when both, or either of them surviving, reach the age of twenty-five, the mother being dead, the trust also ceases.

APPEAL from a decree of partial distribution of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Nowlin & Fassett, William H. H. Hart, C. P. Robinson, N. D. Anderson, and E. B. Young, for Appellants.

J. P. Langhorne, and W. T. Baggett, for Respondent.

HENSHAW, J.—Joshua Hendy by his will left a legacy of five thousand dollars to his niece, Mrs. Josephine Green. By a codicil, which was admitted to probate with and as a part of that instrument, he provided as follows:

"The bequest of five thousand dollars to my niece Mrs. Josephine Green is to be held in trust by my executors for her benefit and the interest is to be paid hir monthly, at hear deth the same to be continued to hear two children Harrold and Mildred Green until they are each twenty-five years of age, when the five thousand dollars shall be paid to them share and share alike."

Josephine Green petitioned for distribution to her absolutely of the legacy of five thousand dollars, and the court decreed distribution in accordance with her prayer, under the conviction, as appears from the statement and argument of her counsel, that the trust declared in the codicil was void for undue suspension of the power of alienation. (Civ. Code, sec. 715.)

This consideration is the only one to which our attention is directed upon this appeal.

It is apparent that the codicil does not create a single trust, but establishes: 1. A trust for the benefit of Mrs. Josephine Green; and 2. A trust for the benefit of her two children, Harrold and Mildred. Harrold and Mildred were in being at the creation of the trust, and are still living and in their minorities. Therefore, whatever conclusion may be reached as to the validity of the trust for the children, it is obvious that there can be no legal objection advanced against the trust to Mrs. Green. The

testator had the unquestioned right to revoke his absolute legacy of five thousand dollars, or to substitute for it a provision under which she would receive the income of that sum set apart in trust during her life.

It is manifest, therefore, that the decree awarding Mrs. Grecn five thousand dollars as an absolute legacy must be reversed; since the trust as to her being valid and distinct from that on behalf of the children, the utmost she would be entitled to receive in any event would be the income from the fund during her life. The future disposition of the principal of the fund would concern only the children and the residuary legatees.

As to the trust for the children, we need here go in its construction only so far as to see whether or not it violates the rule against perpetuities. That rule, enunciated in section 715 of the Civil Code, permits property to be held inalienable, provided that the power of alienation be not suspended beyond the existence of lives in being. Therefore the duration of designated lives must always be, and be made, the ultimate measure of duration. But it matters not what other measures be taken, so long as they cannot extend the period of suspension beyond, and are controlled by the duration of, designated lives. Thus it was said in the *Estate of Walkerly*, 108 Cal. 627, 651, 49 Am. St. Rep. 97: "The law has seen fit to insist that the measure of the period of suspension shall be lives in being, and it will not countenance the suspension for any fixed period or term of years not depending upon the duration of life." In the Walkerly case the court was dealing with an attempted suspension for an absolute, definite, and fixed period of twenty-five years. It was there held, as uniformly it has been held under laws similar to our own, that the utmost limit of the period of the suspension of the power of alienation by any trust or future estate must not by any possibility exceed existing lives, or the trust or estate will be void in its creation. No absolute or certain term, however short, can be supported.

Thus a trust to continue for twenty-five years, provided A, B, and C (designated lives), or any of them, shall so long survive, but in the event of the death of the last one before the expiration of that period of time, then the trust to cease and determine, does not violate the law against perpetuities; for it is apparent

that the duration of lives in being controls the term of the trust, and that the period of twenty-five years is within and dependent upon the duration of these lives. (*Schermerhorn v. Cotting*, 131 N. Y. 48.) Upon the other hand, a trust until the "youngest child now living shall arrive at the age of twenty-one years, or would arrive at that age if living," fixes an absolute period not dependent upon existing lives for the duration of the trust, is repugnant to the statute against the suspension of the power of alienation, and is consequently absolutely void. (*Haynes v. Sherman*, 117 N. Y. 433.)

But it matters not whether it be by express terms or by necessary construction that lives in being measure the duration of the trust. If it appear with certainty that the trust cannot longer continue, the law against perpetuities is not violated. Thus a trust in property to pay the income to A until he arrives at the age of forty years would not violate the law, for every trust of necessity ceases when there is no beneficiary, and in the case instanced it is obvious that A's life is the ultimate and determinative measure of duration. In no event can the trust continue longer than his life; upon his death before reaching the age of forty years the trust determines for lack of a beneficiary.

Examining the trust to the children with these considerations in mind, it is clear that, while inartificially drawn, it does not unduly suspend the power of alienation. If Mrs. Green outlives her children, then the trust must cease upon her death. If she dies before her children, and they in turn both die before reaching the age of twenty-five years, then also the trust terminates for lack of beneficiaries. When both, or either of them surviving, reach the age of twenty-five, the mother being dead, the trust also ceases. In no possible event, then, is the power of alienation suspended beyond the existence of lives in being, the lives of the beneficiaries under the two trusts.

For the foregoing reasons the decree is reversed.

Temple, J., and McFarland, J., concurred.