HADLAI A. HULL, TRUSTEE, vs. JEREMIAH HOLMES, EX-
ECUTOR, ET ALS.

Second Judicial District, Norwich, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under the rules of interpretation respecting wills, adopted in this
State, the phrase " die leaving no living issue " is equivalent to
" die leaving no surviving issue," and carries a plain implication
in favor of any issue of the first taker who may survive him.
A testator, who died in 1890, gave the use and income of one half of
his residuary estate, real and personal, to his son George during
his life, with remainder to William, George's son, but provided
that if William should die leaving no living issue, such residuum
should go to the testator's daughter Mary, in fee, but should not
pass to her until after George's death. By a codicil he revoked
the gift of income to George, and from such income gave an an-
nuity to George's wife for her life, with remainder to George " for
and during his natural life, the same to be paid to him annually."
William died testate in November, 1904, leaving surviving issue ;
George in December, 1904, and Mary in 1895. In a suit to con-
strue the will it was held that the provision for the issue of Wil-
liam was intended to take effect only in case he should die before
the testator, and therefore having survived the testator, William ac-
quired an absolute title to the property, subject only to his
father's life estate.

Submitted on briefs October 17th—decided December 15th, 1905.

SUIT for the construction of the will of William S. Noyes
of Stonington, deceased, brought to and reserved by the
Superior Court in New London County, *Ralph Wheeler, J.*,
upon the facts alleged in the complaint, for the advice of
this court.

The testator died in 1890, leaving a will in which he gave
one undivided half of his residuary estate, real and personal,
absolutely, to his daughter Mary, and " the use, rents, in-
terest and income " of the other half to his son George W.
Noyes " for and during his natural life ; " adding, " and after
his death I give, devise and bequeath the said undivided
one-half of the said residuum of my estate to his son, Wil-

liam S. Noyes, but in case he shall die leaving no living issue, then and in that case, I give, devise and bequeath the said one-half of the said residuum of my estate to my daughter, Miss Mary Elizabeth Noyes as an absolute estate, but not to pass to her until after my son's death." By a codicil reciting that his will gave his son the use for life of half his residuary estate "with a remainder over to his son, William S. Noyes, to take effect after his father's death, followed by a contingent remainder," he revoked so much of said provision as gave the son "all the use, rents, interest and income" for life. He then bequeathed an annuity of $50 to his son's wife for her life "from the avails of the said use, rents, interest and income;" adding, "and the remainder thereof, I give and bequeath to my said son George W. Noyes for and during his natural life; the same to be paid to him annually; each and every year."

The plaintiff was appointed trustee of the fund thus left, by the Court of Probate.

Mary died testate in 1895. William S. Noyes, the grandson of the testator, died testate in November, 1904, leaving surviving issue. George W. Noyes died in December, 1904.

*Hadlai A. Hull*, for the plaintiff.

*Herbert W. Rathbun*, for Jeremiah Holmes, executor.

*Abel P. Tanner*, for William H. Davis, executor.

*Frank L. McGuire*, for Mary E. Noyes, 2d.

BALDWIN, J.  The present ownership of the estate, of which the life use was left to George W. Noyes, depends upon the construction of the provision creating a remainder in favor of his sister. The estate was to be hers absolutely, after the death of the testator's grandson William S. Noyes, "in case he shall die, leaving no living issue," provided that it was "not to pass to her until after" the death of

George W. Noyes, and subject to an annuity charge during the life of the latter's wife.

The phrase " die leaving no living issue," by the rules of interpretation adopted in this State, is equivalent to " die leaving no surviving issue." *St. John* v. *Dann*, 66 Conn. 401, 407. It carries a plain implication in favor of any issue of the first taker who may survive him. If employed, in a devise of lands, with reference to his death, without regard to the time at which that event may occur, it may create an estate tail. If, on the other hand, employed with reference to his death in case that event should occur before that of the testator, it may amount to a substitutionary provision.

In the will now before us, a vested remainder is first given to William S. Noyes in terms sufficient to convey an absolute title. On the happening of a certain contingency an absolute estate is then limited over to Mary W. Noyes; but it is "not to pass to her" (that is, the enjoyment of it is not), until the death of the father of the first remainderman. It is not probable that the testator meant to create an estate tail in his residuary real estate, which under our statute (§ 4027) would become a fee-simple in the issue of his grandson, while contemplating the possible vesting of an absolute title in remainder in his daughter before the death of his son. His general intent is better served by interpreting the provision for the issue of William S. Noyes as one to take effect only in case his grandson should die before him. *Coe* v. *James*, 54 Conn. 511; *Phelps* v. *Phelps*, 55 id. 359; *Lawlor* v. *Holohan*, 70 id. 87.

The Superior Court is advised that on the testator's death William S. Noyes acquired an absolute title to the fund in question, subject only to his father's life interest.

No costs will be taxed in this court.

In this opinion the other judges concurred.