[L. A. No. 1878.    Department One.—March 9, 1907.]

In the Matter of the Estate of CHARLOTTE HAINES, Deceased.

WILL—DEVISE OF LIFE ESTATE SUBJECT TO CHARGE.—A will which devises certain lands to the grandchildren of the testatrix with the proviso that their respective mothers, who were the daughters of the testatrix, should have "the full control and possession and all rentals and income of the lands willed to their children during their natural lives,

except that each one shall every year put out one hundred dollars at interest (to be divided between her two children), until her youngest child attains the age of twenty years,'' creates a life estate in each of the respective mothers as to the land devised to the grandchildren, subject only to a charge of one hundred dollars per annum, or fifty dollars each, in favor of their respective children, until the youngest child attains the age of twenty years, and subjects the devise to the grandchildren to the estate for life in the mothers.

ID.—DIRECTION FOR ACCUMULATION OF INCOME—SUSPENSION OF POWER OF ALIENATION.—By the provision for the benefit of the children it was intended that each child was to have, so long as he or she lived, until the youngest child attained the age of twenty years, or would have attained that age if living, the sum of fifty dollars per annum out of the life interest given to the mother, and that these sums were to be invested for his or her benefit and remain at interest during that period. To the extent stated, it is an attempted disposition of the income of the real property, and a direction for the accumulation thereof. So construed, there is no forbidden suspension of the absolute power of alienation, as such suspension is permitted for a period not longer than during the continuance of lives of persons in being at the creation of the limitation or condition; and in the case of each child, the trust for accumulation cannot continue longer than during the life of the designated beneficiary in being at the time of the creation of the trust.

ID.—PERIOD FOR ACCUMULATION OF INCOME LIMITED TO MINORITY OF BENEFICIARY.—Under section 724 of the Civil Code, providing that the accumulation cannot be for a longer term than the minority of the beneficiary, and section 725 of the same code, providing that if the direction for accumulation is for a longer term, ''the direction only, whether separable or not from other provisions of the instrument, is void as respects the time beyond such minority,'' the direction for accumulation here should be held valid in the case of each child for the period of his or her minority, and void as respects the time beyond such minority.

ID.—TRUST DURING MINORITY OF BENEFICIARY.—A provision in the will that ''All moneys, notes &c. which I may have to be divided between my two children and four grandchildren, and my daughters to have exclusive control of their children's money and invest it as they think best until they, the children, become of age,'' creates a valid trust, as to the share of each grandchild, in his or her mother, to continue during his or her minority, and the bequest of the property is subject to such trust.

APPEAL from a decree of the Superior Court of Ventura County distributing the estate of a deceased person. Felix W. Ewing, Judge.

CL Cal.—41

The facts are stated in the opinion of the court.

H. L. Poplin, for Appellants.

B. T. Williams, and Williams & Bowker, for Respondents.

ANGELLOTTI, J.—This is an appeal from a decree of final distribution. The deceased died testate, leaving two surviving daughters, S. Maude Henderson and Edith M. McDivitt, and four surviving grandchildren,—viz. Haines T. Henderson and Gladys Henderson, children of S. Maude Henderson, and Frank Paul McDivitt and Edith Bernice McDivitt, children of Edith M. McDivitt. All the children are minors. By her will, which was holographic, she first made certain absolute bequests and devises to her daughters. The will then proceeded as follows: "To my grandchildren, Haines T. Henderson and Gladys Henderson, I give 38 acres in lot 19 Norway survey, also 3 acres in the same lot . . . also one half of my interest in subdivision 91 of los posas tract containing 532 acres, to F. Paul McDivitt and Edith Bernice McDivitt, my grandchildren, I give and devise 42.53 acres on lot 34 Norway survey, being my home place, also one half of my Los Posas land, provided that my daughters Maude Henderson and Edith McDivitt shall have the full control and possession and all rentals and incomes of the lands willed to their children during their natural lives, except that each one, shall every year put out one hundred dollars at interest (to be divided between her two children) until her youngest child attains the age of twenty years. All moneys notes &c. which I may have to be divided between my two children and four grandchildren, and my daughters to have exclusive control of their children's money and invest it as they think best until they, the children, become of age."

The controversy here is as to the effect of the proviso in the devises to the McDivitt grandchildren, and the provision giving the exclusive control of the personal property bequeathed to them to their mother, until they become of age, such grandchildren being the only appellants, and appealing only from such portions of said decree as relate to these provisions. The court below distributed to each of said children the realty described in the devises to them, with this proviso,

—viz. "providing that Edith M. McDivitt, the mother of said children, shall have the full possession and ownership of all the land, issues and profits thereof, during her natural life," in one case, and the following,—viz. "provided . . . that Edith M. McDivitt, the mother of Frank Paul McDivitt and Edith Bernice McDivitt, shall have the full possession and ownership of the rents, issues and profits of her children's share thereof, during her natural life." In another part of the decree, and as a distinctly independent provision having no reference to the lands devised, it was ordered that said Edith M. McDivitt "each year place the sum of one hundred dollars on interest in some safe interest-bearing securities, to be approved by this court, to the credit of her two children, Frank Paul McDivitt and Edith Bernice McDivitt, to be divided equally between the said children, upon the said Edith Bernice McDivitt arriving at the age of twenty years." To each of said grandchildren was distributed, $1,634.73, "provided, however, that Edith M. McDivitt, the mother of said child, shall have the exclusive control of said sum of money and to invest the same in interest-bearing securities, to be approved by this court," until the said child shall have attained the age of majority.

There is no great difficulty in determining the intention of the testatrix from the provisions of her will, notwithstanding that this intention might have been expressed in more apt language by one versed in legal phraseology.

As to the land concerning which the devise to the grandchildren was made, it was clearly intended to give a life estate to their mother, subject only to a charge of one hundred dollars per annum in favor of the two children (fifty dollars for each), until the younger child attains the age of twenty years, and to subject the devise to the grandchildren to this estate for life in the mother. The devise to the grandchildren is expressly made subject to the proviso, and the proviso is that the mothers "shall have the full control *and* possession and all rentals and incomes of the lands willed to their children" during their natural lives. Herein is to be found every element going to make up a life estate. The exception as to the one hundred dollars per annum that is to be put out at interest for the children, which creates a charge upon such life estate, also makes clearer the intention of the testatrix that the

respective mothers were to have life estates in the lands otherwise given to their children. It is elementary that it is the duty of the courts to carry into effect the intention of the testator as the same is expressed in his will, provided that such intention be consistent with the rules of law. It cannot, of course, be successfully claimed that there is any rule of law that is violated by a devise of an estate for her life to the mother burdened with an annual charge on the rents and profits in favor of her living children for a specified time, and a devise of the lands subject to such life estate to such children.

It is claimed, however, that the exception as to the one hundred dollars per annum for the benefit of the children constitutes a direction for the accumulation of the income of property for a period longer than the minority of the beneficiaries, the youngest child being the daughter, Edith Bernice, who is five years younger than her brother, Frank Paul, and that such exception is therefore void under the provisions of sections 723 and 724 of the Civil Code, which allow such accumulations only during the minority of the beneficiaries, and that it is also void for the reason that it may unduly suspend the absolute power of alienation. The provision simply is that the mother shall "every year put out $100 at interest (to be divided between her two children) until her youngest child attains the age of twenty years." The necessary implication from this language appears to us to be that each child was to have, so long as he or she lived, until the youngest child attained the age of twenty years, or would have attained that age if living, the sum of fifty dollars per annum out of the life interest given to the mother; and that these sums were to be invested for his or her benefit and remain at interest during said period. Reading the provision in connection with the provisions immediately preceding it, it is plain that to the extent stated it is an attempted disposition of the income of the real property, and a direction for the accumulation thereof. So construed, however, there is no forbidden suspension of the absolute power of alienation, such suspension being permitted for a period not longer than during the continuance of lives of persons in being at the creation of the limitation or condition. We have here two provisions, one for the accumulation of fifty dollars per annum for the

older child until the younger attains, or would, if living,
attain, the age of twenty years, and one for the accumulation
of fifty dollars per annum for the younger child for the same
period. The provision for accumulation for each child, being
for the sole benefit of such child, cannot by any possibility
suspend the absolute power of alienation for a longer period
than during the life of such child. If the older child die
before the specified time, the trust for accumulation for his
benefit at once determines for lack of a beneficiary, and the
property already accumulated immediately vests in his heirs.
The same is true as to the younger child. In neither case can
the trust for accumulation continue longer than during the
life of the designated beneficiary in being at the time of the
creation of the trust. (Civ. Code, secs. 715, 716; *Estate of
Hendy*, 118 Cal. 656, [50 Pac. 753]; *Estate of Steele*, 124 Cal.
532, 539, [57 Pac. 564].) Under the provisions of section
724 of the Civil Code, the accumulation cannot be for a
longer term than the minority of the beneficiary. Section
725 of the Civil Code provides that if the direction for accu-
mulation is for a longer term than during the minority of
the beneficiaries, "the direction only, whether separable or
not from other provisions of the instrument, is void as respects
the time beyond such minority." It follows that the direction
for accumulation here should be held valid in the case of each
child for the period of his or her minority, and void as respects
the time beyond such minority.

As to the "money, notes, &c." divided between her two
children and four grandchildren, it is clear that as to the
share of each grandchild the testatrix intended to create a
trust in his or her mother, to continue during his or her
minority, and that the bequest of the property is subject to
such trust. No reason appears why this intention could not
be carried into effect. (See *Estate of Reith*, 144 Cal. 314,
[77 Pac. 942].)

In view of what has been said, it is apparent that the court
below did not err in the manner of distribution of the $1,634.73
awarded to each of the appellants. Substantially, this prop-
erty is distributed to the trustee for the purposes of the trust,
and, subject to such trust, to the appellants. (See *Estate of
Reith*, 144 Cal. 314, [77 Pac. 942].) Nor did the court err
in distributing to the mother of appellants for her natural

life the full possession and ownership of all the rents, issues, and profits of the land devised to them, which we take to be the effect of the decree in this regard. But for the protection of appellants' respective rights created by the provision as to the annual investment of one hundred dollars for their benefit, the distribution to the mother should have been made subject, in terms, to the annual charge upon the property distributed of fifty dollars for each appellant. This result is not accomplished by the independent provision in the decree as to the annual investment of one hundred dollars by the mother. Nor is that provision entirely in accord with the intention of the testatrix, so far as that intention can be legally carried into effect. The decree should be modified to the extent of adding to the so-called provisos in favor of the mother in the distribution of the lands to appellants the following, viz.: "The life estate in the above-described land hereby distributed to Edith M. McDivitt is distributed to her subject to the following charges, which shall constitute liens on said interest, to wit: 1st. The sum of $50 each and every year during the continuance of said life estate, until her daughter, Edith Bernice McDivitt, attains the age of twenty years, or would attain that age if living, for the benefit of her son, Frank Paul McDivitt, the same to be during the whole period of the minority of said Frank Paul McDivitt kept by said Edith M. McDivitt on interest in some safe interest-bearing securities to be approved by this court, and accumulated for his benefit, provided always, that in the event of the death of the said Frank Paul McDivitt before the time specified above, said annual charge shall thereupon cease and determine, and all accumulations thereof at once vest in his heirs. 2nd. The sum of $50 each and every year during the continuance of said life estate, until her daughter, Edith Bernice McDivitt, attains the age of twenty years, for the benefit of said daughter, Edith Bernice McDivitt, the same to be during the whole period of the minority of said Edith Bernice McDivitt, kept by said Edith M. McDivitt on interest in some safe interest-bearing securities to be approved by this court and accumulated for her benefit, provided always that in the event of the death of the said Edith Bernice McDivitt at any time before attaining the age of twenty years, said annual charge shall thereupon cease and determine, and all accumulations thereof at once vest in her heirs."

The provision now in the decree as to the annual one-hundred-dollar investment should be stricken out.

It is ordered that in the respects suggested the portions of the decree appealed from be and the same are hereby modified, and, so modified, the decree is hereby affirmed.

Shaw, J., and Sloss, J., concurred.