[Civ. No. 3241. Second Appellate District, Division Two.—December 24, 1920.]

## KARL O. WOESTMAN et al., Appellants, v. UNION TRUST AND SAVINGS BANK OF PASADENA (a Corporation), Respondent.

[1] TRUSTS—SUSPENSION OF ALIENATION UNTIL BENEFICIARIES REACH DESIGNATED AGE—VALIDITY OF.—Where a trust created by a will by its terms is to continue until the two sons of the testator "reach the age of forty years," the suspension of the power of alienation is dependent upon, and measured by, the duration of the life of the survivor of them, and such trust is not void as imposing an unlawful restraint on alienation.

[2] ID. — TERMINATION OF TRUST PRIOR TO FIXED TIME — POWER OF COURT OF EQUITY.—A court of equity may terminate a trust, prior to the expiration of the time fixed for its duration, when all the parties in interest are *sui juris* and join in a request for its dissolution, unless the trustor has placed an express limitation upon this power, or the trustee is vested with discretion as to the amount of income to be devoted to the use of the beneficiary, or a valid direction for accumulation is contained in the instrument creating the trust.

[3] ID.—PETITION TO TERMINATE TRUST—ABSENCE OF POSSIBLE BENEFICIARIES—EQUITY.—Where a trust provision in a will leaves the residue of the testator's property to his two sons, share and share alike, provided they both live to the age of forty years, the property in the meantime to be held by a designated trustee, and such will provides in effect that in the event of the death of either of said beneficiaries before the expiration of the trust period, the share of said beneficiary shall go to his children, and in the event of the death of either of said beneficiaries "without issue," the whole *corpus* of the trust shall go to the survivor, a court of equity has no power to terminate such trust, upon the petition of said two sons, prior to the expiration of the trust period, all the possible beneficiaries not being before the court.

[4] ID. — DISPOSITION OF INCOME — SILENCE OF WILL. — Where a will creates a trust in favor of certain named beneficiaries and provides that the *corpus* of the trust property shall be held by a designated trustee until said beneficiaries shall reach a certain age, but such will does not provide for the accumulation or the dis-

2.  Power of court to hasten enjoyment of trust fund, notes, **Ann. Cas.** 1915B, 723; 46 **L. R. A. (N. S.)** 43.

position of the income during the existence of said trust, the income belongs to said beneficiaries, they being the persons presumptively entitled to the next eventual interest.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

George P. Cary and Nathan Newby for Appellants.

Hahn & Hahn for Respondent.

WELLER, J.—Plaintiffs appeal from a judgment entered after a demurrer to the second amended complaint was sustained without leave to amend.

By their suit plaintiffs seek to terminate a trust created by the will of their deceased mother, Henrietta C. Woestman, in which the defendant is named as trustee. The relief is sought on two grounds: (1) That the trust was void in its inception because attempted to be created in violation of the statute prohibiting perpetuities; and (2) that all the parties in interest consent to its termination.

The provision of the will necessary to be considered reads as follows: "Sixth: I give and devise, and bequeath all of the rest, residue and remainder of my estate, real, personal and mixed, wherever situated, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, to my two boys, Walter E. Woestman and Karl O. Woestman, share and share alike, or if either should die without issue, then to the other, the same, however, to be held in trust by the 'Union Trust and Savings Bank of Pasadena,' a corporation, created and existing under the laws of the state of California, having its principal office in the city of Pasadena, county of Los Angeles, in said state, until my said boys reach the age of forty years. And I authorize my trustee to pay out of the said trust above created, to each of my said boys, the sum of fifty dollars ($50.00) per month, during the life of said trust."

In due course a decree of distribution was entered, containing the following clause: " . . . and all the rest of

the property of said estate is distributed to The Union Trust and Savings Bank of Pasadena, as trustee, upon the trusts stated and declared in the will of said Henrietta C. Woestman, deceased, which will is on file and of record in the office of the clerk of this Superior Court.''

The complaint alleges that, at the time of the distribution of the estate, plaintiffs were minors, and were not represented in the proceedings by counsel, but relied upon the defendant, the executor of their mother's will, to protect their interests, and that the defendant did not advise them of the invalidity of the trust attempted to be created by the will, but, on the contrary, informed them that it was a valid trust, and that the property should be distributed to the defendant as trustee. It further is alleged that on the hearing of the petition for distribution defendant's counsel represented to the judge that the will created a valid trust, and thereby induced the court to enter the decree under the influence of a mistake in law affecting the court, the defendant and its attorney. Pursuant to the decree there was distributed to the defendant, as trustee, personal property to the value of about one hundred and eighty thousand dollars.

The plaintiffs are, respectively, twenty-three and twenty-one years of age, in poor health and unable to support themselves and their families according to their station in life, and the allowance of fifty dollars per month from the trust is insufficient for their needs. Both claim to be fully capable of managing their shares of the estate without the intervention of a trustee, being of sound mind, good habits, and not spendthrifts, and are desirous of embarking in business while young, to familiarize themselves with the handling of their own money during the formative period of their business careers. At the time of the commencement of this action the accumulations of the income over and above the *corpus* of the trust estate, after deducting the expenses of administering the trust and the allowance to plaintiffs, amounted to eighteen thousand dollars, which is now in the possession of the trustee, and, according to the allegations of the complaint, could be paid to the beneficiaries without detriment to the estate, and greatly to the benefit of plaintiffs.

[1] 1. Appellants contend that the trust was void in its inception because it illegally suspended the power of aliena-

tion for an absolute period of years, in contravention of the provisions of section 715 of the Civil Code. If the suspension here under consideration is dependent upon, and measured by, the duration of designated lives in being, it cannot be said to violate the inhibition of the code section. The trust by its terms is to continue "until my said boys reach the age of forty years." No definite term is fixed by the instrument. The duration of the trust is limited to the existence of the life of the survivor of the two beneficiaries named. If they should both die before reaching the age of forty years, the trust would cease by operation of law. This case is analogous to *Estate of Hendy,* 118 Cal. 656, [50 Pac. 753], where our supreme court said: "But it matters not whether it be by express terms or by necessary construction that lives in being measure the duration of the trust. If it appear with certainty that the trust cannot longer continue, the law against perpetuities is not violated. Thus a trust in property to pay the income to A until he arrives at the age of forty years would not violate the law, for every trust of necessity ceases when there is no beneficiary, and in the case instanced it is obvious that A's life is the ultimate and determinative measure of duration. In no event can the trust continue longer than his life; upon his death before reaching the age of forty years the trust determines for lack of a beneficiary. (See, also, *Estate of Yates,* 170 Cal. 254, [149 Pac. 555].) We are of the opinion that the trust in question is not void as imposing an unlawful restraint on alienation.

[2] 2. A court of equity may terminate a trust, prior to the expiration of the time fixed for its duration, when all the parties in interest are *sui juris* and join in a request for its dissolution, unless the trustor has placed an express limitation upon this power, or the trustee is vested with discretion as to the amount of income to be devoted to the use of the beneficiary, or a valid direction for accumulation is contained in the instrument creating the trust. (*Fletcher* v. *Los Angeles Trust & Sav. Bank,* 182 Cal. 177, [187 Pac. 425]; *Eakle* v. *Ingram,* 142 Cal. 15, [100 Am. St. Rep. 99, 75 Pac. 566].) [3] The first matter for determination is whether or not all of the interested parties are before the court invoking its equitable jurisdiction. The solution of this question depends upon a construction of the will

by which the trust was created. This instrument leaves much to be desired in the way of specific directions. Inferences must be indulged in in order to give effect to the intention of the testator, as indicated by the meager provisions of the will. It clearly appears that it was intended to leave the estate to the two plaintiffs, provided they both lived to the age of forty years, the property in the meantime to be held in trust by the defendant, with an allowance of fifty dollars per month to each of the boys. Equally apparent is the desire that, in the event of the death of either without issue, the whole *corpus* of the trust shall go to the surviving son. Thus each is vested with a half interest in the property, subject to divestment should he die without issue prior to arriving at the age mentioned, and each has a contingent remainder in the interest of the other, conditioned upon his survival and the death of that other without issue. So much is definite and certain from the terms of the instrument.

There is no express direction as to the disposition of the share of a decedent leaving issue. We must, perforce, endeavor to ascertain from the contents of the will what purpose actuated the mind of the trustor in inserting the provision with reference to issue. Obviously, she did not contemplate that the portion of a deceased son should lodge outside of his family, if any children survived him. In whose favor, then, was the limitation made? The natural and logical inference, we think, must necessarily be that it was made for the benefit of those whom the testator mentioned, namely, the issue. The specific reference to issue would imply an intention to provide for them in the event of their father's death. (*Hull* v. *Holmes*, 78 Conn. 362, [62 Atl. 705].) The conclusion we have reached gives full force and effect to every clause of the will, and all reasonable deductions which may be drawn from its expressed and implied provisions. If one of the plaintiffs should die before the expiration of the trust period, his children would take as members of a class designated by the will, and not as heirs at law of their father. This class, indeterminable though it is, has a contingent interest in the trust property which the trustee and the court are in duty bound to protect. (*Gray* v. *Union Trust Co.*, 171 Cal. 637, [154 Pac. 306].) As all of the possible beneficiaries of the trust are

not, and cannot be, before the court, equity has no power to terminate this trust.

[4] 3. Plaintiffs demand that the income of the *corpus* of the trust be paid to them, claiming that the accumulation beyond their majority is illegal. There is no provision whatever in the will for the accumulation of income. All that is disposed of by its terms is the allowance of fifty dollars per month to each of the boys. The excess, therefore, would come within the provisions of section 733 of the Civil Code, and belong to the plaintiffs as the persons presumptively entitled to the next eventual interest. To this extent the court erred in sustaining the demurrer.

The judgment is reversed, with permission to the plaintiffs to amend their complaint, if so advised, to state a cause of action solely for the recovery of the accumulated income.

Finlayson, P. J., and Thomas, J., concurred.