[No. 14537.   Department Two. — May 14, 1892.]

IN THE MATTER OF THE ESTATE OF STEPHEN ROGERS, DECEASED.

WILL — CONSTRUCTION — VESTING OF LEGACY. — When a legacy is given to a person to be paid at a future time, it vests immediately; but when it is not given until a certain future time, or when the time is annexed, not to the payment only, but to the gift itself, it does not vest until that time; and if the legatee dies before, it is lost.

ID. — LIBERAL CONSTRUCTION — INTENTION OF TESTATOR. — Wills are to be liberally construed so as to give effect to the intention of the testator; and the intention of the testator as expressed in the will must prevail, provided it be consistent with the rules of law.

ID. — CONDITIONAL LEGACY TO GRANDSON — DEFEAT OF LEGACY — DISTRI-
BUTION UNDER WILL. — Where the will of a testator gave to his grand-
son a sum of money, to be paid only after the death of the testator's
wife, and provided that the income of such sum should be paid him
from the time he was fifteen years old until he was twenty-one years,
when he was to be paid one half of the bequest, and thereafter the
income from the other half until he reached the age of twenty-five,
when the balance was to be paid, and that if he should die before
arriving at the successive ages above named, then such portion of the
bequest as had not theretofore been paid, together with the income
thereon, was to be distributed as the other portions of his estate shall
be or shall have been distributed, the latter clause of the will clearly
shows that it was the intention of the testator not to make an absolute
bequest, but a conditional one, to take effect only if the grandson
should reach the ages named for its payment; and he having died
before the age of fifteen, this legacy did not vest in him, or pass to his
mother as his heir, but should be distributed under the will.

APPEAL from a decree of distribution of the Superior
Court of Stanislaus County.

The facts are stated in the opinion.

*L. J. Maddox*, for Appellant.

A bequest, " payable " or " to be paid " to a person
" at " or " when " he shall attain a certain age, etc., vests
the estate immediately, and his interest is transmissi-
ble to his representatives. (6 Lawson's Rights and
Remedies, 5232; Beach on Wills, sec. 177; *Patterson* v.
*Ellis*, 11 Wend. 259; *Reed's Appeal*, 118 Pa. St. 215; 4
Am. St. Rep. 588; Jarman on Wills, 759; *Nunnery* v.
*Carter*, 5 Jones Eq. 370; 78 Am. Dec. 235.) When the
possession of a legacy is withheld by the temporary
right of enjoyment of another, the legatee has a vested
transmissible interest. (6 Lawson's Rights and Reme-
dies, 5240; *Bentley* v. *Long*, 1 Strob. Eq. 43; 47 Am.
Dec. 523.) When the payment is postponed the legacy
is vested. (*Bushnell* v. *Carpenter*, 92 N. Y. 272; *Wil-
liams* v. *Williams*, 73 Cal. 101.) The remainder of the
will cannot affect the ten-thousand dollars, for the rea-
son that the ten thousand dollars was effectually be-
queathed by the will. (Civ. Code, sec. 1333.) A bequest
to a grandson of the testator of a sum of money, to be
paid him when he shall attain the age of twenty-one

years, vests at once on the death of the giver; and if the legatee dies before twenty-one, the money will go to his representatives. (*Brown* v. *Brown*, 44 N. H. 281; *Bowman's Appeal*, 34 Pa. St. 19. Also see extensive discussion of all the questions in this case in the notes to *Goebel* v. *Wolf*, 10 Am. St. Rep. 470.)

*C. C. Wright*, and *Wright & Haven*, for Respondent.

Wills are to be liberally construed to effectuate the intention of the testator. (*Estate of Wood*, 36 Cal. 75; *Estate of Curry*, 39 Cal. 531; *Welch* v. *Huse*, 49 Cal. 506; *Clarke* v. *Ransom*, 50 Cal. 595; *Estate of Radovich*, 54 Cal. 540.) The authorities cited by the appellant do not support his contention, as they hold not only that a legacy vests immediately if given to a person to be paid at a future time, but that where it is not given until a certain future time it does not vest until that time, and if the legatee dies before, it is lost. (See *Reed's Appeal*, 118 Pa. St. 215; 4 Am. St. Rep. 588; *Goebel* v. *Wolf*, 10 Am. St. Rep. 470, note, both cited by appellant. Also see *Patterson* v. *Hawthorn*, 12 Serg. & R. 112; *Everitt* v. *Everitt*, 29 N. Y. 39; *Loder* v. *Hatfield*, 71 N. Y. 92; *Van Wyck* v. *Bloodgood*, 1 Bradf. 154.) Thus when the legacy is given, payable or to be paid when the legatee attains the age of twenty-one years, the legacy vests immediately upon the death of the testator. It is a present gift, the time of payment only being postponed. But where the time is annexed, not to the payment only, but to the gift itself, as when the legacy is given to the legatee at twenty-one, or "if" or "when" he attains the age of twenty-one, the legacy does not vest until the legatee attains that age. His attaining the age specified is a condition precedent, and if the condition be not fulfilled, the legacy never vests. (*Goebel* v. *Wolf*, 10 Am. St. Rep. 470, note; *Gifford* v. *Thorn*, 9 N. J. Eq. 702; *Clayton* v. *Somers*, 27 N. J. Eq. 230; *Patterson* v. *Ellis*, 11 Wend. 260; *Hanson* v. *Graham*, 6 Ves. 239; *Snow* v. *Snow*, 49 Me. 159; *Colt* v. *Hubbard*, 33 Conn. 281; *Nixon* v. *Robbins*, 24 Ala. 663; *Watkins* v.

*Quarles*, 23 Ark. 179; *Illinois etc. Loan Co. v. Bonner*, 75 Ill. 315; *Giles v. Franks*, 2 Dev. Eq. 521; *Roberts v Brinker*, 4 Dana, 572; *Allen v. Whitaker*, 34 Ga. 6.)

BELCHER, C. — Stephen Rogers died testate on the twenty-first day of March, 1888, leaving surviving him his widow, Caroline Rogers, and his grandson, Stephen Roy Rogers. The will of decedent was admitted to probate, and the widow was appointed and duly qualified as executrix thereof. During the administration of the estate, on May 15, 1889, Stephen Roy died, being then between six and seven years of age. When the estate was ready for distribution, all the residue thereof was, on petition of the executrix, distributed to her and another legatee named in the will. From this order or decree, the present appeal is prosecuted by the mother of Stephen Roy, and the only question presented for decision is as to the construction to be given to the third clause of the will. That clause reads as follows: "3. I give and bequeath to my grandson, Stephen Roy Rogers, son of S. P. Rogers and Ella Rogers, the sum of ten thousand ($10,000) dollars, to be paid to him as hereinafter directed, and only after the death of my said wife, Caroline, if she survive me. The income from the said ten thousand dollars is to be paid to said Stephen Roy Rogers personally for his own private use from the time he be fifteen years old till he be twenty-one years old, and then, when he be twenty-one years old, I direct that he be paid five thousand dollars, being half of the above-named bequest; and that from the time he be twenty-one till he be twenty-five (25) years old, I direct that the income from the remaining five thousand dollars be paid him annually for his private use, and then when he, the said Stephen Roy Rogers, be twenty-five years old, I direct the remaining five thousand dollars paid to him personally for his own and exclusive and private use. If my said grandson die before arriving at the ages herein named, then the remaining or unpaid amounts of said bequest, together

with the income thereon, I direct shall be distributed as the other portion of my estate shall be or shall have been distributed, namely, to the brothers and sisters of myself and wife, Caroline, share and share alike."

By the fourth clause of the will, the testator gives to his wife, Caroline, if she survives him, all the residue of his estate, both real and personal, and wheresoever situated. And by the fifth clause, he gives, if he survives his wife, to his said grandson, if he be then living, and to the brothers and sisters of himself and wife, all the residue of his estate, share and share alike.

It was claimed by the appellant when the order of distribution was made, and is claimed here, that by the will a valid bequest of ten thousand dollars was made to Stephen Roy; that the bequest took effect and vested in the legatee immediately on the death of the testator; and that she (the appellant), as the sole heir of Stephen Roy,—his father having died in October, 1886,—was entitled to receive his distributive share of the estate, to wit, the said sum of ten thousand dollars, to be paid to her as in the will provided. And it is said by counsel that the rule is, "that a bequest, 'payable' or 'to be paid' to a person 'at' or 'when' he shall attain a certain age, etc., vests the estate immediately, and his interest is transmissible to his representatives."

In support of this position, counsel cite, among other authorities, *Reed's Appeal*, 118 Pa. St. 215; 4 Am. St. Rep. 588; 6 Lawson's Rights and Remedies, sec. 3208; and notes to *Goebel* v. *Wolf*, 10 Am. St. Rep. 470; 113 N. Y. 405.

In *Reed's Appeal* it is said: "The general rule undoubtedly is, that when a legacy is given to a person to be paid at a future time it vests immediately. But where it is not given until a certain future time, it does not vest until that time; and if the legatee dies before, it is lost."

In the section cited from Lawson's work, and in the note to *Goebel* v. *Wolf*, the law is stated as follows: "The leading inquiry upon which the question of vest-

ing or not vesting turns is, whether the gift is imme-
diate, and the time of payment or of enjoyment only
postponed, or is future and contingent, depending upon
the beneficiary arriving of age, or surviving some other
person, or the like. . . . . According to the prevailing
doctrine, a postponement of the time of payment will
not of itself make a legacy contingent unless it be
annexed to the substance of the gift; or, as it is some-
times put, unless it be upon an event of such a nature
that it is to be presumed that the testator meant to
make no gift unless that event happened. Thus, where
the legacy is given, payable or to be paid when the
legatee attains the age of twenty-one years, the legacy
vests immediately upon the death of the testator. It is
a present gift, the time of payment only being post-
poned; but where the time is annexed, not to the pay-
ment only, but to the gift itself, — as when the legacy is
given to the legatee at twenty-one, or 'if' or 'when' he
attains the age of twenty-one, — the legacy does not vest
until the legatee attains that age. His attaining the age
specified is a condition precedent; and if the condition
be not fulfilled the legacy never vests."

The above are undoubtedly well-settled rules of law,
and so far as applicable, are controlling in the construc-
tion of wills. There are, however, other rules equally
well settled, which cannot be overlooked. One of these
is, that wills are to be liberally construed so as to effectu-
ate the intention of the testator ( *Welch* v. *Huse*, 49 Cal.
506); and another, " the first great rule in the exposition
of wills, to which all other rules must bend, is, that the
intention of the testator expressed in his will shall pre-
vail, provided it be consistent with the rules of law."
(*Smith* v. *Bell*, 6 Pet. 68.)

In the case last cited, the will under review contained
the following clause: " Also I give to my wife, Elizabeth
Goodwin, all my personal estate whatsoever and where-
soever, and of what nature, kind, and quality soever,
after payment of my debts, legacies, and funeral expenses;
which personal estate I give and bequeath unto my said

wife, Elizabeth Goodwin, to and for her own use and benefit and disposal absolutely; the remainder of the said estate, after her decease, to be for the use of the said Jesse Goodwin," the testator's son.

On the death of the testator, his wife took possession of the property bequeathed to her, and held it till she died; and the question was, whether under the will she acquired a title absolute or only for life. It was held, Chief Justice Marshall delivering the opinion of the court, that she took only a life estate in the property, and that Jesse Goodwin had a vested remainder in the property that would come into his possession on the death of the said Elizabeth.

The question then is, What was the intention of the testator when he made the will, the construction of which is involved in this case? Did he intend to give to Stephen Roy the ten thousand dollars absolutely, or only on condition that he should reach the ages named for its payment?

It will be observed,—1. That no part of the bequest was to be paid to the legatee until after the death of the testator's wife; 2. That the legatee was to receive nothing until he reached the age of fifteen years; 3. That between the ages of fifteen and twenty-one, he was to receive the income of the bequest only; 4. That on arriving at the age of twenty-one, he was to be paid one half of the bequest, and thereafter the income from the other half, till he reached the age of twenty-five, when the balance was to be paid; 5. That if he should die before arriving at the successive ages above named, then such portion of the bequest as had not theretofore been paid, "together with the income thereon," was to be distributed as the other portion of the estate "shall be or shall have been distributed, namely to the brothers and sisters of myself and my wife, Caroline, share and share alike."

If the last clause had been omitted, it might no doubt be successfully claimed that there was a present and absolute bequest, the times of payment only being deferred, and that it vested in the legatee on the death of

the testator. That clause, however, makes it clear, we think, that the intention was not to make an absolute bequest, but a conditional one, to take effect only if the legatee should reach the ages named for its payment.

It is argued for appellant that this construction is not in harmony with the subsequent clauses of the will, because the bequest to the wife was of the " residue " of the estate, meaning the residue or what remained after the ten-thousand-dollar bequest to Stephen Roy, and that the bequest to the brothers and sisters was only to take effect in case the testator survived his wife. We see no force in this argument. If Stephen Roy had lived, the property of the estate would all have been distributed to the surviving wife, subject to a trust in his favor. He could have claimed nothing till he reached the ages when he was to be paid. As he died before he arrived at the age of fifteen and before distribution, it was proper that the decree be made as it was.

We advise that the order and decree appealed from be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order and decree appealed from are affirmed.

Hearing in Bank denied.