J. OTIS WARDWELL, administrator, *vs.* RUTH C. HALE & others, executors.

Essex. March 13, 1894. — May 18, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Devise and Legacy — Postponement of Time of Payment.*

A testator by his will gave to his son " the sum of ten thousand dollars, to be paid to him at my decease, if he shall then have arrived at the age of twenty-one years ; if he shall not then be twenty-one years old, the same to be paid to him when he shall attain that age. I also give to him the sum of twenty thousand dollars, to be paid to him when he shall attain the age of twenty-five years, together with the further sum of twenty thousand dollars, to be paid to him when he shall attain the age of thirty years." The son died before attaining the age of thirty years, and after the time when, had he lived, he would have reached that age, his administrator brought an action to recover the third legacy. *Held*, that the legacies vested in the son on the death of the testator, and that only the time of payment was postponed until he should reach the ages respectively prescribed.

CONTRACT, by the administrator of the estate of Edward Hale, against the executors and trustees of the will of Ezekiel J. M. Hale, to recover a legacy. Writ dated October    , 1893.

Trial in the Superior Court, without a jury, before *Richardson*, J., who ordered judgment for the plaintiff, and, at the

request of the parties, reported the case for the determination of this court, on agreed facts, in substance as follows.

By the seventh article of the will of Ezekiel J. M. Hale, who died on June 4, 1881, he gave to his son, Edward Hale, "the sum of ten thousand dollars ($10,000), to be paid to him at my decease, if he shall then have arrived at the age of twenty-one years; if he shall not then be twenty-one years old, the same to be paid to him when he shall attain that age. I also give to him the sum of twenty thousand dollars ($20,000), to be paid to him when he shall attain the age of twenty-five years, together with the further sum of twenty thousand dollars ($20,000), to be paid to him when he shall attain the age of thirty years. Also, I give to him the annuity of thirty-six hundred dollars ($3,600), to be paid to him in monthly payments during his life, and at his decease I give to his wife and children, if he shall leave a wife or child alive, the annuity of twenty-four hundred dollars ($2,400), to be paid to them or either of them until the final division of the rest and residue of my estate as hereinafter provided. Provided, however, if the wife of my said son shall re-marry, her interest in said annuity shall at once and forever cease."

Edward Hale, the legatee, was born on May 29, 1863, and died on March 25, 1890, not having attained the age of thirty years. The legacy of ten thousand dollars, payable to him on the decease of the testator or when he reached the age of twenty-one years, and the legacy of twenty thousand dollars payable to him at the age of twenty-five years, were duly paid to him in his lifetime, as well as the annuity of thirty-six hundred dollars.

The plaintiff was appointed administrator of the estate of Edward Hale on May 5, 1890, and at a time subsequent to May 29, 1893, when, had the legatee lived, he would have reached the age of thirty years, he brought this action for the recovery of the third legacy, payments of which, on demand, had been refused.

*H. G. Nichols & C. K. Cobb*, for the defendants.

*F. L. Washburn*, for the plaintiff.

FIELD, C. J.   The seventh article of the will of Ezekiel J. M. Hale is as follows: "I give to my son, Edward Hale, the

sum of ten thousand dollars ($10,000), to be paid to him at my decease, if he shall then have arrived at the age of twenty-one years; if he shall not then be twenty-one years old, the same to be paid to him when he shall attain that age. I also give to him the sum of twenty thousand dollars ($20,000), to be paid to him when he shall attain the age of twenty-five years, together with the further sum of twenty thousand dollars ($20,000), to be paid to him when he shall attain the age of thirty years. Also, I give to him the annuity of thirty-six hundred dollars ($3,600), to be paid to him in monthly payments during his life, and at his decease I give to his wife and children, if he shall leave a wife or child alive, the annuity of twenty-four hundred dollars ($2,400), to be paid to them or either of them until the final division of the rest and residue of my estate as hereinafter provided. Provided, however, if the wife of my said son shall re-marry, her interest in said annuity shall at once and forever cease."

The gift of the foregoing legacies to Edward Hale except the annuity is in terms absolute, but the time of payment is postponed until the legatee reaches the ages mentioned. The $10,000 is "to be paid to him at my decease, if he shall then have arrived at the age of twenty-one years; if he shall not then be twenty-one years old, the same to be paid to him when he shall attain that age." The $20,000 is "to be paid to him when he shall attain the age of twenty-five years," and the further sum of $20,000 is "to be paid to him when he shall attain the age of thirty years." It seems impossible to distinguish between these legacies, and to hold that the first vested on the death of the testator, and that the last two did not. There is no specific gift over in case Edward Hale dies before attaining the age of twenty-one years, or of twenty-five years, or of thirty years, although there is a gift of the residue by the twenty-second article, which provides as follows: "As to the residue and remainder of all my estate, both real and personal, not herein otherwise disposed of, it is my will that the same be and remain in the care and control of my said executrix and executors and trustees, and their successors, well and safely invested, until the decease of the last survivor of the life annuitants named in my foregoing will, and that then the said residue and

remainder, with all the accumulated interest thereof, shall be equally divided among my grandchildren *per stirpes*, to hold to such grandchildren so distributed, and to their heirs, executors, administrators, and assigns forever."

The only probable reason for postponing the payment of the legacies to Edward Hale is, that before he should reach the age of twenty-one years a guardian might be necessary, and that after he reached that age he might be less competent to manage his property at the age of twenty-one years than at the age of twenty-five or of thirty years.

The first clause of the fifth article of the will is as follows: " I give to my son, Harry H. Hale, the sum of fifty thousand dollars ($50,000), to be paid to him at my decease; and if he shall survive me for the period of five years, but not otherwise, I direct my executrix and executors and trustees, at the expiration of five years from my death, to pay to him the further sum of fifty thousand dollars ($50,000); but if he shall not live five years after my death, the sum of fifty thousand dollars is to remain a part of my estate." This shows that the testator knew how to use apt words when he intended that a pecuniary legacy should be contingent until the legatee reached the age when it was to be paid to him.

In other articles of the will the testator gives pecuniary legacies to be paid to other legatees when they reach a certain age, and he uses substantially the same language as in the seventh article.

The weight of authority is, we think, that the legacies to Edward Hale of $10,000, $20,000, and $20,000 vested in him on the death of the testator, and that only the time of payment was postponed until he should reach the ages respectively prescribed. *Shattuck* v. *Stedman*, 2 Pick. 468. *Furness* v. *Fox*, 1 Cush. 134. *Eldridge* v. *Eldridge*, 9 Cush. 516, 519. See *Claflin* v. *Claflin*, 149 Mass. 19, 22; 1 Jarm. Wills, (Bigelow's ed.) 794. We are of opinion that the ruling of the Superior Court was right.

*Judgment for the plaintiff affirmed.*