[S. F. No. 6877. Department Two.—May 27, 1915.]

In the Matter of the Estate of CHARLES M. YATES, Deceased. EUGENE ADOLPH YATES, Appellant, v. LIZZIE IMOGENE KEYS, JESSIE MAUD STEPHENS, BARTLETT STEPHENS, ROSCOE SMITH, RUTH KEYS, CHARLES MORRIS YATES, JR., Respondents, and MERCANTILE TRUST COMPANY OF SAN FRANCISCO, as Executor of the Last Will and Testament of Said Deceased, Respondent.

PROBATE LAW—TRUSTS—RULE AGAINST PERPETUITIES AND RESTRAINTS UPON ALIENATION.—A bequest of money in trust to pay the principal and accumulated income to the beneficiary upon reaching the age of twenty-five years is not in conflict with the rule against perpetuities and restraints upon alienation since the ultimate duration of the trust is based upon a life in being.

ID.—VESTED INTEREST.—Such a bequest denotes a vested interest in the beneficiary.

ID.—ACCUMULATIONS.—The direction for accumulation of income beyond the age of minority of the beneficiary is void but the trust itself is valid and the beneficiary after arriving at maturity is entitled to receive the income.

ID.—TIME OF PAYMENT OF CORPUS AND INCOME.—The *corpus* of such a trust is payable to the beneficiary at the time designated and accumulated income is payable to him upon arriving at the age of majority and the subsequent income as it accrues.

APPEAL from a decree of distribution of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Gerald C. Halsey, and Halsey L. Rixford, for Appellant.

M. W. McIntosh, T. A. Perkins, Stratton, Kauffman & Torchiana, for Respondent.

HENSHAW, J.—By his will Charles M. Yates bequeathed three specific legacies in the following language:

"4th. I bequeath to Jessie Maud Stephens one thousand dollars, same to be held in trust and the principal and in-

terest to be paid to Bartlett Stephens when he arrives at the age of twenty-five years.

"5th. I bequeath to Roscoe Smith of Santa Clara, Cal., one thousand dollars. The same to be paid to him when he arrives at the age of twenty-five years.

"6th. I bequeath to Ruth Keys of Santa Clara, Cal., the sum of five thousand dollars, said sum to be held in trust by her mother, Lizzie Imogene Keys. The principal and interest to be paid to Ruth Keys when she arrives at the age of twenty-five years."

As to the fourth legacy the court in its decree of distribution declared as follows:

"And it further appearing to the satisfaction of the court that the one thousand ($1000) dollar legacy bequeathed to Jessie Maud Stephens to be held in trust to be paid to said Bartlett Stephens when he arrives at the age of 25 years, is, to the extent of four (4) years invalid, but is valid to the extent of holding the same in trust until he arrives at the age of 21."

As to the fifth legacy it found that the term of twenty-five years was void to the excess of four years after Roscoe Smith attained majority, and that at the time of the decree he had passed his majority. As to the sixth legacy it found in like manner, that the limitation in the trust of seven years after Ruth Keys attained her majority was void, and that at the time of distribution she was over the age of eighteen years. The decree then proceeded to distribute these legacies directly to the beneficiaries. Eugene Adolph Yates, one of the residuary legatees under the will, has appealed from this decree, attacking only the construction which the court has put upon these legacies in trust.

While the language of these legacies differs somewhat, it is apparent that there was no difference in the trusts sought to be declared by the testator. In the fifth and sixth legacies he bequeathed the money directly to the legatees, declaring, in effect, that the legacies should be paid only when the legatees reached a designated age. In the fourth the bequest was in terms to a trustee, to hold the principal and accumulate the interest and pay it to the beneficiary when he reached the age of twenty-five years. This legacy contains a similar provision for the retention and accumulation of income. The fifth is silent upon the matter. These trusts do no violence

to the rule against perpetuities and the undue suspension of the power of alienation (Civ. Code, secs. 715, 716.) While a limitation of years is fixed by the terms of the trust, the ultimate duration of each trust is manifestly based upon a life in being. In each one of these cases, should the beneficiary die, the trust absolutely determines for lack of a beneficiary. Trusts such as this have received elaborate consideration by this court in *Estate of Hendy,* 118 Cal. 656, [50 Pac. 753], and *Estate of Steele,* 124 Cal. 533, [57 Pac. 564], and it is sufficient upon this point to refer to those cases.

The legacies were vested. Notwithstanding the unimportant differences in their phraseology, each and all manifest a clear intent upon the part of the testator to give the sums named to the beneficiaries. The time of payment only was postponed and trusts for accumulations created to cover the time of the deferred payment. There was no bequest over in the event of death. Under all of the authorities the legacies vested in the legatees an absolute, indefeasible and disposable interest. (*Estate of Young,* 123 Cal. 337, [55 Pac. 1011]; *Estate of Budd,* 166 Cal. 286, [135 Pac. 1131]; *Wardwell* v. *Hale,* 161 Mass. 396, [42 Am. St. Rep. 413, 37 N. E. 196]; *Furness* v. *Fox,* 1 Cush. 134, [48 Am. Dec. 593]; *Claflin* v. *Claflin,* 149 Mass. 19, [14 Am. St. Rep. 393, 3 L. R. A. 370, 20 N. E. 454]; 1 Jarman on Wills, Bigelow's Edition, 794.)

The direction in these trusts for accumulations beyond the age of the minority of the legateees is unquestionably void. (Civ. Code, secs. 723, 724.) But this fact does not in law operate to destroy the trust in its creation but merely to avoid the provision for the illegal accumulations (Civ. Code, sec. 725), with the result that the legatees after maturity would be entitled to receive the incomes of the trust funds.

We come to the final consideration, that of the immediate payability of the *corpus* of these legacies in trust to the legatees upon their attaining majority. The court decreed such payment, following the English rule of *Saunders* v. *Vautier,* 4 Beav. 115. In that case the testator bequeathed to trustees certain stock "upon trust to accumulate the interest and dividends which should accrue thereon until Daniel Wright Vautier should attain his age of twenty-five years, and then to pay or transfer the principal of such stock, together with such accumulated interest and dividends unto the said Daniel Wright Vautier, his executors, administrators and assigns

absolutely." Notwithstanding the provision for accumulation the master of the rolls, upon application, ordered the payment of one hundred pounds a year out of the dividends of the stock to be paid to the legatee during his minority—an equitable rule recognized and adopted in this state by section 726 of the Civil Code. When the legatee attained his majority, application was made by him for the payment in full of the legacy and its accumulations. The application was opposed. It was held that the legatee took under the terms of the will a vested interest. The master of the rolls decided that it had been repeatedly declared in the English courts that "where the payment is postponed, the legatee, if he has an absolute, indefeasable interest in the legacy, is not bound to wait until the expiration of that period, but may require payment the moment he is competent to give a valid discharge."

Indisputably, if this rule of construction is to be here adopted and applied to the legacies under consideration, the court's decree was in all respects correct. We are not, however, disposed thus to do violence to the language of a trust which is unquestionably valid. There is nothing in our law to forbid a man from declaring a trust either by will or by deed, whereby the income of certain property shall be paid to a son until he attains the age of twenty-five years, when the *corpus* of the trust property shall be made over to him. True, under such a trust the beneficiary would take a vested interest which would fall into his estate upon his death, and which, even, he might dispose of by gift or sale during his lifetime. But upon the other hand, the fact that these important property rights vest in the beneficiary should not, we think, be regarded as so controlling as to justify a violence done to the plain intent of the trustor. The trustor may have had good reason, as in the case of a spendthrift son, for desiring that the principal sum of his bounty should not go absolutely to the legatee upon his attaining majority. Because the legatee himself might circumvent this purpose by making a sale of his vested interest is not, we think, a sufficient ground for destroying the legal intent of a trustor in creating such a trust. The fact that because of the particular wording of a valid trust the legatee himself may impair its efficacy is not a justification for equity so to do. We conclude, therefore, that these trusts still continue for the period of time in them

CLXX Cal.—17

specified; that as each of the legatees attains his majority he is entitled to the accumulations and to the later accruing income of the trust fund; that each legatee has a disposable interest in the *corpus* of the trust, but that the *corpus* is to be given over to him when and only when he reaches the years named in the trust.

For these reasons the decree appealed from is ordered modified in the indicated particulars, that is to say, it will be decreed that Ruth Keys, upon attaining majority, is entitled to the accumulated income of her legacy in trust, and thereafter until she arrives at the age of twenty-five years is entitled to the income of the trust fund, and upon attaining the age of twenty-five years is immediately entitled to receive the *corpus* of the fund, and *mutatis mutandis* the same decree will be entered as to the legacies of one thousand dollars to Roscoe Smith and Bartlett Stephens.

Melvin, J., and Lorigan, J., concurred.