*838 OPINION.
Marquette:
The respondent contends that the Nord Hop Ranch was an association during the years 1920, 1921, and 1922, and that it is taxable as a corporation under section 2 of the Revenue Act of 1918 and section 2 of the Revenue Act of 1921, which provide:
Sec. 2. That when used in this Act' — ■
❖ * * J{e ^ #
(2) The term “ corporation ” includes associations, joint-stock companies, and insurance companies.
The petitioners claim that the Nord Hop Ranch was a trust, the income of'which is taxable to the beneficiaries under section 219 of the Revenue Act of 1918, and section 219 of the Revenue Act of 1921.
*839 The term “ association ” as used in the Revenue Acts of 1918 and 1921 was discussed by the Supreme Court of the United States in case of Hecht v. Malley, 265 U. S. 144. The court said:
The word “ association ” appears to be used in the Act in its ordinary meaning. It has been defined as a term “used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.” 1 Abb. Law Dict. 101 (1879); 1 Bouv. Law Diet. (Bawle’s 3d. Rev.) 269; 3 Am. & Eng. Enc. Law (2d Ed.) 162; and Allen v. Stevens, 33 App. Div. 485, 54 N. Y. S. 8, 23, in which this definition was cited with approval as being in accord with the common, understanding. Other definitions are: “ In the United States, as distinguished from a corporation, a body of persons organized, for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation ”. Webst. New Internat. Diet. “ (U. S.] An organized but unchartered body analogous to but distinguished from a corporation.” Pract. Stand. Diet.
Article 1504 of Regulations 69, which is retroactive as to the years 1920,1921, and 1922, also provides in effect that a trust is an association if the beneficiaries have positive control. A similar implication is found in Crocker v. Malley, 249 U. S. 223.
In the instant case the evidence discloses that there were no certificates or other evidences of ownership issued; there were no officers elected, or meetings of the owners of the beneficial interests held. The petitioners held and managed the trust property and used it in accordance with the terms of the tru,st instrument. The business was not conducted upon the methods and form used by incorporated bodies for the conduct of a common enterprise, and there was present none of the indicia of an association as defined by the Supreme Court. The evidence also shows that the entire management and control of the trust property were, during the life of the trust instrument, vested wholly in the trustees and that no control over the trustees or the trust property was retained or exercised by the beneficiaries. It is clear that the Nord Hop Ranch was a trust, and we are of the opinion for the reasons stated that it was not an association within the meaning of the Revenue Act of 1921 and is therefore not taxable as a corporation.
Having held that the Nord Hop Ranch is a trust not taxable as a corporation, we must now decide whether the trust income is taxable to the trustees or to the .beneficiaries. Under the laws of California a provision in a trust instrument providing for the accumulation of income for the benefit of one or more persons is void unless and while the beneficiaries are minors. The courts of California have held, however, that although a trust is void in so far as it provides for the accumulation of income beyond the age of minority of the beneficiaries, yet this fact does not invalidate the *840 trust altogether blit merely avoids the provisions as to such accumulations. Estate of Yates, 170 Cal. 254.
It therefore appears that the trust agreement under which the petitioners held the Nord Plop Ranch could not have been upheld as to the provision giving the trustees power to accumulate the income, but that it is valid in its provision giving them the power to receive the rents and profits from the property and to distribute them to the beneficiaries or their assigns. It is our opinion that the Nord Hop Eanch is a trust, the income of which is taxable to the beneficiaries under the provisions of section 219 of the Eevenue Acts of 1918 and 1921.

Judgment wül be entered on 15 days' notice, wider Rule 50.