[Civ. No. 10650. First Appellate District, Division Two.—December 2, 1937.]

In the Matter of the Estate of MAE E. KLEIN, Deceased. LILA M. KLEIN OLSEN, Appellant, v. LEONARD L. MARTIN et al., Executors, etc., Respondents.

Clark, Nichols & Eltse for Appellant.

Ralph H. Wight for Respondents.

SPENCE, J.—This is an appeal upon the judgment roll from the decree of distribution in the above-entitled estate.

The deceased died testate in 1935 leaving two daughters, namely, Barbara M. Klein and Lila M. Klein Olsen, the latter being the appellant herein. The third and fourth paragraphs of the will read as follows:

"THIRD: I give, devise and bequeath all the rest, residue and remainder of my estate of whatsoever kind, character and nature, and wherever situated, to my beloved daughters, BARBARA M. KLEIN AND LILA M. KLEIN OLSEN, they surviving, share and share alike, in TRUST, as hereinafter provided.

"IT IS MY WILL, and I order and direct that in the event that my said daughter BARBARA M. KLEIN has not attained the age of Twenty-five (25) years at the time of my death, that the estate so bequeathed to my said daughter, Barbara M. Klein, she surviving, as aforesaid, be converted into a TRUST FUND and be held in TRUST as a TRUST FUND by the Executors hereinafter named as TRUSTEES or the survivor thereof, giving and granting unto said Trustees full power and authority to manage and control said TRUST FUND for the sole use and benefit of said Barbara

M. Klein, until she shall have attained the age of Twenty-five (25) years.

"The said Trustees of said TRUST FUND shall in the event that the said Barbara M. Klein has not attained the age of Twenty-five (25) years pay over and allow the said Barbara M. Klein, the entire net income from said TRUST FUND, or so much thereof as may be deemed necessary for her proper care, support and maintenance and also any portion of the principal of said TRUST FUND which the said Trustees shall deem necessary in any emergency for the proper care, support and maintenance of the said Barbara M. Klein; and the said Trustees of said TRUST FUND shall at the time that the said Barbara M. Klein attains the age of Twenty-five (25) years make a full and complete accounting to the said Barbara M. Klein and pay over to her the entire TRUST FUND remaining or on hand and in their possession including any and all interest, profits and income belonging thereto; and the receipt of said Barbara M. Klein, for any sum or sums so paid and allowed her hereunder during the term of said trust and final settlement thereof shall be a full and sufficient release and acquittance thereof to the said TRUSTEES.

"FOURTH: IT IS ALSO MY WILL, and I order and direct that my Executors hereinafter named convert the estate so bequeathed to my daughter, LILA M. KLEIN OLSEN, into a TRUST FUND, to be held in TRUST for the sole use and benefit of said Lila M. Klein Olsen, she surviving, so long as she shall remain the wife of WILLIAM B. OLSEN, her present husband. IT IS MY WILL that the said William B. Olsen, husband of my said daughter Lila M. Klein Olsen, shall not receive any part or portion whatever of the estate so bequeathed to said Lila M. Klein Olsen, his wife.

"Giving and granting unto said Trustees full power and authority to manage and control said TRUST FUND: and said Trustees shall during the term of this trust, pay over and allow the said Lila M. Klein Olsen, she surviving, the net income from said TRUST FUND, or so much thereof as the Trustees may deem necessary for the proper care, support and maintenance of said Lila M. Klein Olsen, and any part of the principal of said TRUST FUND, which the said Trustees may deem necessary for the proper care, support and

maintenance of the said Lila M. Klein Olsen, the said Trustees being sole judge of what sum or sums shall be necessary for the proper care, support and maintenance of said Lila M. Klein Olsen, during the term of the TRUST herein created.

"In the event that the said LILA M. KLEIN OLSEN shall become divorced, or widowed from said WILLIAM B. OLSEN, the said Trustees shall make a full and complete accounting of said TRUST FUND, and pay over and allow to the said Lila M. Klein Olsen, she surviving, all of said TRUST FUND, including any and all interests, profits and income therefrom; and make a full and complete accounting of said TRUST FUND, and pay over to the said Lila M. Klein Olsen, the entire principal, interest, profit and income belonging to said TRUST FUND to the said Lila M. Klein Olsen. The receipt of said Lila M. Klein Olsen for any sum or sums so paid and allowed to her as aforesaid either during the existence of said TRUST or the final settlement thereof, shall be a full and sufficient release and acquittance to the said Trustees."

Both daughters survived the deceased. Barbara M. Klein was born on September 3, 1914, and died on July 15, 1936, at the age of 22 years. Her death occurred after the death of her mother but prior to the distribution of her mother's estate. Said daughter had married Joseph M. Christensen after the death of her mother and had thereafter died testate. Under the decree of distribution the probate court distributed an undivided one-half interest in the residue of the mother's estate to the executors of Barbara M. Klein Christensen, deceased. The remaining undivided one-half interest was distributed to Lila M. Klein Olsen subject, however, to the terms of the trust set forth in the will.

Appellant contends that said court erred in distributing one-half of the estate to the executors of Barbara M. Klein Christensen, deceased, but we find no merit in this contention. The situation presented here is quite similar to that presented to the court in *Estate of Reith*, 144 Cal. 314 [77 Pac. 942], and we are of the opinion that the decision in that case is controlling here. (See, also, *Williams* v. *Williams*, 73 Cal. 99 [14 Pac. 394]; Probate Code, sec. 28.) It will be noted that the testatrix devised and bequeathed the residue of the estate "to my beloved daughters, Barbara M. Klein and

Lila M. Klein Olsen, they surviving, share and share alike, in trust, as hereinafter provided". Throughout the will the testatrix referred to "the estate so bequeathed to my said daughter" Barbara M. Klein and Lila M. Klein Olsen and there was no direct devise or bequest to the trustees. It will be further noted that there was no provision in the will making disposition of the estate in the event that the daughters survived the mother but did not live until the time specified for obtaining possession of the estate. Under the authorities cited, we believe that the trial court correctly concluded that the estate of the mother vested in the two daughters at the time of the mother's death subject only to the terms of the trust and that, upon the death of Barbara following the mother's death, an undivided one-half interest in the mother's estate should be distributed to the executors of Barbara's estate. All of the authorities cited by appellant are distinguishable on their facts and the language of one of the authorities so cited tends to support the views herein expressed. (See *Estate of Blake,* 157 Cal. 448, at p. 464 [108 Pac. 287].)

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 31, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 31, 1938.