[Civ. No. 12858.   First Dist., Div. Two.   June 21, 1945.]

Estate of SELMA RIEMER, Deceased.   IRMA GALLIAN, as Executrix, etc., Appellant, v. ALYS RIEMER, as Guardian, etc., Respondent.

Henry B. Lister for Appellant.

George F. Barry, Jr., for Respondent.

NOURSE, P.J.—This appeal involves the interpretation of the will of Selma Riemer, deceased, the debatable question being whether the estate devised to her nine-year-old grandson is vested or contingent.   This question is presented by the third and fifth paragraphs of the will which read: "THIRD: I hereby give, devise and bequeath to my grandson, Herbert Julius Riemer, my three houses at the Southeast corner of Baker and Union Streets, San Francisco, California when he

becomes 21 years of age, in the meanwhile his mother Alys Riemer to be his guardian.

"FIFTH: I hereby give, devise and bequeath the rest and residue of my estate, wherever situated, share and share alike to my daughter Irma Gallian, and to my grandson Herbert Julius Riemer."

The court held that the interest of the grandchild was vested under the third paragraph and the appellant argues that possession and enjoyment of the subject of the devise should be postponed until the devisee reaches his majority, and that, in the meantime, the rents and profits of the realty should be distributed one-half to her and one-half to the minor under the residuary clause of the will. We are satisfied that the trial court's interpretation of the will was sound and that the decree of distribution in accord therewith should be affirmed.

█ It is an accepted rule in the construction of a will that it must be construed according to the intention of the testator. Section 101, Probate Code. █ In aid of such construction the Probate Code declares that: "Testamentary dispositions, including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death." (§ 28.) With this presumption as the outstanding piece of evidence of the intention of the testator the trial court properly concluded that the third clause of the will was intended to give to the grandchild a vested interest in the realty and all that went with it, and that the boy's mother was named as guardian for the collection of the rents and the management of the property during his minority.

In this conclusion the decree of the trial court finds support in *Williams* v. *Williams,* 73 Cal. 99 [14 P. 394]; *Estate of Yates,* 170 Cal. 254 [149 P. 555]; *Estate of Blake,* 157 Cal. 448 [108 P. 287]; *Jones* v. *Pueblo Savings & Trust Co.,* 103 Colo. 455 [87 P.2d 2]; and many other cases which need not be cited here. In the Williams case the court rested the decision on the presumption of the code section stating: " 'The law favors the vesting of interests, and every interest will be presumed to be vested, *unless a contrary intention is clearly manifest.*' " (Emphasis ours.) In Estate of Yates bequests were made to named legatees "to be paid" when they reached a certain age. The Supreme Court said: (p. 256) "The legacies were vested. Notwithstanding the unimportant differ-

ences in their phraseology, each and all manifest a clear intent upon the part of the testator to give the sums named to the beneficiaries. The time of payment only was postponed and trusts for accumulations created to cover the time of the deferred payment. There was no bequest over in the event of death. Under all of the authorities the legacies vested in the legatees an absolute, indefeasible and disposable interest.''
In Estate of Blake a question arose as to the interests of children of a beneficiary who died before the termination of a trust for her benefit. The court invoked the presumption of the code section in holding that the interest vested upon the death of the testator, saying (p. 459) : ''The general rule is that where the legacy or devise is given to a person to be paid at a future time, it vests immediately. When, however, it is not given until a future time it is contingent and does not vest until that time occurs. As said in the note to *Goebel* v. *Wolf*, 113 N.Y. 405 [10 Am.St.Rep. 470, 21 N.E. 388], quoted approvingly by this court in *In re Rogers*, 94 Cal. 526, 530 [29 P. 962] : 'The leading inquiry upon which the question of vesting or not vesting turns is, whether the gift is immediate, and the time of payment or of enjoyment only postponed, or is future and contingent, depending upon the beneficiary arriving of age, or surviving some other person, or the like. . . . According to the prevailing doctrine, a postponement of the time of payment will not of itself make a legacy contingent unless it be annexed to the substance of the gift; or, as it is sometimes put, unless it be upon an event of such a nature that it is to be presumed that the testator meant to make no gift unless that event happened.' ''

The opinion discusses at length the effect of the habendum clause in the devise but the judgment as a whole rests upon the code presumption as read with the language of the will whereby the beneficiary was given the positive right ''to demand and receive'' the corpus when she reached the specified age. From this language the court concluded that the testator did not intend to give the devisee a mere contingent interest, but that he did intend to postpone possession alone because ''the presumption must be indulged in that the testator intended by his will to dispose of his entire estate and, if possible, its provisions must be construed to prevent intestacy.'' In the Jones case the will bequeathed to a daughter one-half of the estate ''to be delivered to her at the age of twenty-one.''

The will named a guardian and trustee for the limited period. The court there emphasized that the bequest was to the heir directly and not to the trustee. Also that the guardian was named for the period of minority. From this it was held that (87 P.2d p. 4) ''The use of the term 'guardian' in this connection would seem to imply a vested interest in the daughter and a stewardship by the trust company until she reached the ages specified, inconsistent with the intent to create a purely contingent estate.''

Here the will left no doubt as to the testator's intention to make a present gift. The language used—''I hereby give, devise and bequeath to my grandson'' makes that intention clear. It was said in *In re De Vries*, 17 Cal.App. 184, 194 [119 P. 109], in reference to similar language and quoting from a New York case: '' 'Words of present gift are here clearly used. The testator says: ''I do hereby give and bequeath.'' The use of such language, or language of the same import, or effect, is expressly or impliedly recognized by the authorities as effective, in the absence of other controlling circumstances, to create a vested interest or estate in the beneficiary.' '' (See *Estate of Reith*, 144 Cal. 314 [77 P. 942]; and *Estate of Klein*, 23 Cal.App.2d 708 [74 P.2d 79].)

Another rule of interpretation which is equally well settled is that when there is no ''gift over'' in the event of the death of the minor the estate will be presumed to have vested at the time of the testator's death. (*Estate of Yates, supra*, 256; *Estate of Klein, supra; Williams* v. *Williams, supra.*) The presence of such language in the will was one of the main grounds of the decision in *Estate of Blake, supra*, upon which appellant herein relies. But, in placing her reliance upon that case, the appellant chooses only the dicta which reads (p. 460) : ''Thus, where the legacy is given, payable or to be paid when the legatee attains the age of twenty-one years, the legacy vests immediately upon the death of the testator. It is a present gift, the time of payment only being postponed; but where the time is annexed, not to the payment only, but to the gift itself—as when the legacy is given to the legatee at twenty-one, or 'if' or 'when' he attains the age of twenty-one —the legacy does not vest until the legatee attains that age. His attaining the age specified is a condition precedent; and if the condition be not fulfilled the legacy never vests.'' The

quoted language is but a statement of *one* element to be considered in a case of this type. But the court did not rely upon it since it held that the "devise over" rule was the strongest evidence of the testator's intention to have the portion of the estate go to the issue of the beneficiary in the event that the latter should decease before she reached the age fixed in the will when she could "demand and receive."

The application of these rules to the present case is clear. The testatrix made a direct gift to her grandson in the third paragraph of the will just as she made a direct gift of all the residue in equal shares to her daughter and to her grandson in the fifth paragraph. There is no "gift over" in the event of the boy's death before he reaches majority. This is true as to both clauses of the will. The realty disposed of under the third clause was appraised at $23,500. The boy's share of the residue is estimated to be $14,000 all in cash. There is no sound reason for assuming that the testator intended to give him the cash as a present gift, and to make the gift of the realty contingent upon his reaching majority. To so hold would require an interpretation of the will that the rents and profits from the realty mentioned in paragraph three were undisposed of except by means of the residuary clause. But in this paragraph it is not disputed that a direct and present gift was made without any contingency. It would be wholly unreasonable to say that the testator had the deliberate intention to cause confusion in relation to the income from the realty by the mere insertion of the word "when" in the third paragraph. It is more reasonable to say that she intended her will should be interpreted in accordance with the presumption declared in section 28 of the Probate Code, and that the proper reading of the clause is that the estate should be delivered to him when he reached the age of twenty-one.

The order is affirmed.

Goodell, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied July 21, 1945, and appellant's petition for a hearing by the Supreme Court was denied August 16, 1945.