[Civ. No. 3810. Fourth Dist. Jan. 27, 1948.]

Estate of THOMAS R. WELCH, Deceased. VELLA JOHNSON, Individually and as Executrix, etc., Respondent, v. LORETA JEANNETTE KISHEL, Individually and as Executrix, etc., and as Guardian, etc., Appellant.

[Civ. No. 3811. Fourth Dist. Jan. 27, 1948.]

VELLA JOHNSON, Respondent, v. LORETA JEANNETTE KISHEL, as Executrix, etc., and as Guardian, etc., Appellant.

Herbert W. Whitten, James Fortino and Ware & Ware for Appellants.

Wilson & Wilson and Fred A. Wilson for Respondents.

BARNARD, P. J.—Thomas R. Welch died in April, 1933. His only heirs were his daughter, Vella Johnson, and a grandson, Thomas Kenneth Welch, who was the son of a deceased son. This grandson, who was eight years old at the time of the testator's death, was killed in a plane crash over Belgium in 1945, while serving in the Army Air Forces. He was married in 1943, and his surviving wife and child are the appellants here.

Thomas R. Welch left a will which was admitted to probate in May, 1933, his daughter Vella Johnson, being appointed executrix, and his estate is still in the course of administration. By his will he left one half of his real property in trust to his daughter for the benefit of his grandson, and left the rest of his estate to his daughter. Admittedly, the daughter paid nothing for the support or education of the grandson during the 12 years between the death of the grandfather and the death of the grandson.

Apparently, the daughter filed an account in 1935 which was approved and which is not involved here. In 1940, she filed a second account covering a period from November 1, 1935, to March 24, 1940, which was not then brought on for hearing. In July, 1946, she filed a third account covering the period from March 25, 1940, to July 1, 1946. She also filed a petition to determine heirship, alleging that upon the death of the grandson before the age of 25 years she became entitled to distribution of the entire estate. This petition and the second and third accounts were then noticed for hearing. At the same time the daughter, Vella Johnson, brought a quiet title action against the appellants alleging that since the death of the grandson she has been the owner and entitled to the possession of all of the property, and asking that the appellants be enjoined from asserting any right, title or interest therein.

These four matters were heard together. The court entered orders approving the second and third accounts, and entered a decree determining heirship in which it was decreed that

the grandson died at the age of 19 years and some months; that at the time of his death he had no right, title or interest in or to this estate; that upon his death the trust created by the will of the testator for his benefit terminated; and that upon his death the daughter, Vella Johnson, became and is now entitled to have the entire estate distributed to her. A decree was also entered in the quiet title action in favor of the daughter, Vella Johnson. Separate appeals were taken from these two decrees and from two orders approving the accounts, and all four appeals are here presented on one set of briefs.

The main question presented is as to the proper construction of the two provisions of the will which purport to dispose of the property of the deceased. So far as material here, these provisions read as follows: (Omissions are indicated in brackets and emphasis is ours.)

"*FIRST:* I give and devise unto my daughter Vella Johnson, as Trustee, one-half of all of the real property owned by me at the date of my death, subject to the following uses and trusts, and with the following powers, to wit:

"(a) [To collect rents and profits];

"(b) [To pay certain costs];

"(c) [To lease or sell any portion] . . . it being my intent to *vest* in said trustee uncontrolled and unrestricted discretion and judgment [in this matter];

"(d) To use and/or disburse all or any portion of the net income of said trust estate, or all or any portion of the principal of said trust estate, in providing for the care, maintenance and education of my grandson, Thomas Kenneth Welch, until he shall have attained the age of twenty-five years, it being my intent that said trustee shall have [exclusive discretion in determining the manner and circumstances in which disbursements shall be made for this purpose];

"(e) To accumulate all of the net income of said trust estate which shall not be used or disbursed in providing for such care, maintenance and/or education of said grandson;

"(f) [To pay certain costs];

"(g) To have and exercise exclusive custody and control over the receipt and disbursement of all of the net income from said trust estate, as well as the proceeds derived from any encumbrance thereon or conveyance thereof, it being my intention to *vest* in said trustee uncontrolled and unrestricted custody and right to the possession of all of said net income and/or moneys derived from the encumbrance or transfer of

the principal of said trust estate, to the end and purpose that said grandson shall have no *vested* right in the net income or principal of said trust estate until he shall have attained the age of twenty-five years, save and except to the extent that in the judgment and discretion of said trustee such income or such principal of said trust estate shall be used and disbursed by said trustee in providing for the care, maintenance and education of said grandson as aforesaid.

"(h) To execute all of the powers hereby conferred upon said trustee without any restriction or limitation whatsoever, it being my intent to *vest* in said trustee uncontrolled and unrestricted discretion and judgment in the exercise of each and all of the powers hereby conferred upon or *vested* in said trustee;

"(i) To convey unto my said grandson, Thomas Kenneth Welch, upon his attaining the age of twenty-five years, the whole of the net income and/or principal of said trust estate then remaining in the possession of said trustee.

"*SECOND:* I give, bequeath and devise unto my daughter, Vella Johnson, all of the rest, residue and remainder of my estate."

The question presented is whether the intention of the testator, as disclosed by the language of the will, was to make a present gift to the grandson, with possession deferred until he reached a certain age, or was to give him only a contingent interest which would arise only in the event he reached that age. The court found, in this regard, that the testator's intention was to give no present right, title or interest in the trust property to the grandson and that only in the event he reached the age of 25 years was the trustee authorized to convey to and vest in him any such right, title or interest. The respondent argues that this construction is supported by the absence of words of transfer to the grandson, it being given to the daughter as trustee; by the presence of words transferring it to the daughter, although in trust; by the use of the word "convey," usually used to indicate a transfer of title, in empowering the trustee to turn over the property to the grandson when he reached the age of 25 years; by the absence of any absolute right in the grandson to receive the income during the interim; by the use of the conditional words "until" and "upon" in referring to the time when the grandson should reach the age of 25 years; and by the declaration of the testator's intention that the trustee shall

have exclusive custody and control of all net income or proceeds from the trust estate. While such matters are to be considered in determining the intention of the testator they are not necessarily controlling (*Estate of Riemer*, 69 Cal. App.2d 634 [159 P.2d 677]; *Estate of Newman*, 68 Cal.App. 420 [229 P. 898]). In the latter case, it was said: ''Words expressive of future time are to be referred to the vesting in possession if they reasonably can be, rather than to the vesting in right.''

While precedents may be looked to for the general principles which have been established, it is well recognized that a case involving the determination of a testator's intention as expressed in his will is one which, to a large extent, must depend upon its own peculiar facts. (*Estate of Lawrence*, 17 Cal.2d 1 [108 P.2d 893].) A will must be construed in accordance with the intention of the testator, (Prob. Code, § 101), and this is the paramount rule (*Estate of Lawrence, supra.*) It is well settled that the will and the entire scheme of disposition of the testator's property should be viewed as a whole, and the words used should be considered in reference to the context and construed according to their surroundings. (*Estate of Franck*, 190 Cal. -28 [210 P. 417].) A construction favorable to testacy should obtain where the language used reasonably admits of such construction. (*Estate of Wallace*, 11 Cal.2d 338 [79 P.2d 1094].) Several presumptions are provided by statute or are well established by the decisions. Testamentary dispositions, including a devise to a person on attaining his majority, are presumed to vest at the testator's death. (Prob. Code, § 28.) The law favors the vesting of interests and a presumption in favor of such vesting will prevail unless an intention to the contrary clearly appears in the will. (*Estate of Newman*, 68 Cal.App. 420 [229 P. 898]; *Estate of Ritzman*, 186 Cal. 567 [199 P. 783].) In speaking of words which raise some doubt in this regard but which are used as a part of some other provision the court said, in *Estate of Ritzman*, ''Such words so used are usually taken as in no way indicative of an intent to postpone the vesting in right, and 'as relating to the time of taking effect in possession and not to the time of taking effect in interest.' '' Another strong presumption arises where there is no devise over in the event of the death of the beneficiary. In *Estate of Riemer*, 69 Cal.App. 2d 634 [159 P.2d 677], the court said: ''Another rule of in-

terpretation which is equally well settled is that when there is no 'gift over' in the event of the death of the minor the estate will be presumed to have vested at the time of the testator's death." This rule was recognized in *Estate of Blake,* 157 Cal. 448 [108 P. 287], as being of great importance in determining the testator's intention. To the same effect, see *In re Rogers,* 94 Cal. 526 [29 P. 962]; *Estate of Klein,* 23 Cal.App.2d 708 [74 P.2d 79]; *Estate of Yates,* 170 Cal. 254 [149 P. 555].

 Viewing this will as a whole in the light of the established rules, we think it does not clearly appear that the testator intended a delayed gift as distinguished from a mere delayed right of possession. A contrary conclusion is supported both by the applicable presumptions and by the language of the will in its entirety, with proper regard to the context and connection in which certain words are used. The first subdivision of the will rather clearly discloses an intention to establish a trust for the benefit of the grandson. While it is given to the daughter, it is given to her only in trust and subject to the uses and trusts named. While she is given complete control in the interim, she is directed to use the trust estate, only for the sole purpose of providing for the support and education of the grandson until he reaches the age of 25, with the expressed intention that the manner and circumstances in which disbursements shall be made for this purpose shall be within her discretion. She is then directed to accumulate all of the net income which is not used for this purpose. Subdivision (g) then provides that she shall have complete right of possession in the meantime and that this right of possession may not be interfered with. Subdivision (i) then provides that the remaining balance of the trust estate is to be conveyed by the trustee to the grandson when he reaches the age of 25 years. Having been given the legal title, a conveyance from her was necessary. Having thus disclosed an intent to completely dispose of this part of his property the testator then, in the second subdivision, gives all the rest of his estate to his daughter, absolutely. The only reasonable interpretation of the language used is that the testator intended this second subdivision to apply to the rest of his estate which had not been covered by the first subdivision or made subject to the trust therein contained. It seems clear that the testator intended to thus dispose of his entire estate, giving a part to his grandson to be held in trust

for a time, and giving the remainder to the daughter, absolutely. That he intended to give this part to the grandson is further indicated by the fact that while he exercised extreme care in providing for the control and possession of the trust estate, he made no specific provision for its disposal in the event his grandson died before reaching the age of 25 years. In view of this important omission, and the care used in other respects, it would require a strained construction of the language used to hold that he regarded the bequest to his daughter in paragraph (i) as a disposal of the trust estate in the event the grandson did not reach the age of 25 years. It would appear from the will, as a whole, that the absolute bequest to the daughter was intended to apply only to such property as had not already been disposed of under the first subdivision of the will.

The only thing in the entire will which could raise any doubt that the testator intended a present gift to the grandson, with deferred possession, is the clause in paragraph (g) "to the end and purpose that said grandson shall have no vested right (to the income or principal) until he shall have attained the age of twenty-five years, save," etc. This clause is a part of a paragraph containing only one sentence, and devoted to the matter of possession. It contains a specific declaration of an intention to vest exclusive possession of the trust estate in the trustee. The clause in question then follows and is qualified by the expression "to the end and purpose that." As a part of the declaration of his intention to vest unrestricted possession in the trustee the testator declares that this is done for the purpose of providing that the grandson shall have no vested right in the income or principal until he reaches the age of 25 years, save and except for such portion as the trustee, in her discretion, may have used for his support and education. In four other places in the will, one in paragraph (c), one in paragraph (g) and two in paragraph (h), the testator uses the words "vest" or "vested," and in each of those four cases it clearly appears that he did not use the word "vest" in its technical sense. The words "vested right" in the clause here in question must be interpreted in the light of the context and in the connection in which they are used. In our opinion, these words are used in the clause in question only as a part of the intention which the testator was expressing to give complete right of possession to the trustee during the period of the trust, and only as meaning

that the grandson should have no vested right of possession which could interfere with the complete and unrestricted right of possession which was, by that sentence as a whole, being vested in the trustee.

While it clearly appears that the testator intended to give his daughter complete control and possession of the trust estate during the existence of the trust, it also clearly appears that she was to use it only for the support and education of the grandson, that she was to accumulate any portion of the income which was not used for that purpose, and that she was to turn any remaining balance over to the grandson. We think it also clearly appears that the testator did not intend to give the trust property to the trustee, absolutely, at any time.

There is a well-settled rule, as argued by the respondent, that where the construction given to an instrument by a trial court is reasonable and appears to be consistent with the intent of the party making it, an appellate court will not substitute another interpretation which may be equally tenable. In our opinion, these two interpretations of this will are not equally tenable and the construction adopted by the trial court does not appear to us to be consistent with the intention of the testator as disclosed by the terms of the will, and with due regard to established rules and applicable presumptions. The cases relied on by the respondent (*Estate of Blake*, 157 Cal. 448 [108 P. 287], *Estate of Rogers*, 94 Cal. 526 [29 P. 962], and *Estate of Kruce*, 10 Cal.App.2d 426 [51 P.2d 1174], are distinguishable upon their facts, and they are not controlling under the circumstances which here appear.

With respect to the appeals from the orders approving the second and third accounts it appears that only a perfunctory hearing was had in this connection, probably for the reason that the trial court, as well as the respondent's attorney, felt that the matter was of little importance under the view that the respondent executrix was entitled to the entire estate. No intelligible vouchers accompanied the accounts. Among the exhibits are a large number of receipts given over a period of many years. These are not numbered or in any way connected with items in the accounts, and it is fully apparent from the record that no careful scrutiny of them was made in the trial court. Moreover, while the executrix admits that she occupied one of the houses belonging to the estate for all these years, she credits herself with the expenses of upkeep on this house and does not charge herself for any part of the

rental value thereof. If, as we think, the appellants are entitled to the grandson's share in this estate there should be a rehearing on these accounts, to the end that the exact situation may be determined and such orders made as shall be just to both parties.

The orders and decrees appealed from, and each of them, are reversed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied February 20, 1948, and respondent's petition for a hearing by the Supreme Court was denied March 25, 1948.