89 Cal.App.2d 515 (1949)
Estate of BIRDIE MICHAEL FARIS, Deceased. FIRST NATIONAL BANK OF POMONA (a National Banking Corporation), as Administrator, etc., Respondent,
v.
JAMES WILLIAM FARIS, a Minor, etc., Appellant.
Civ. No. 3859. 
California Court of Appeals. Fourth Dist. 
Jan. 4, 1949.
 Marshall Stimson and Noel Edwards for Appellant.
 Allard, Brownsberger, Shelton & O'Connor for Respondent.
 BARNARD, P. J.
 This is an appeal from that part of a decree of distribution which interprets the will as creating a trust and distributes the property to a trustee.
 The material part of the will in question reads as follows:
 "Secondly: I leave all my estate, property and effects, real, whatsoever and wheresoever situated of which I may die seized or possessed to my beloved Son, James William Faris, to be turned over to him at the time he becomes (25) twenty-five years of age."
 "Until then the estate to be handled by the executors of this will, my (Brothers, Lloyd H. Michael, and Edward T. Michael) paying James William Faris as much per month as they deem advisable. *516 "
 "In event my Son, dies leaving, no children, then this property (my whole estate) to be divided in thirds (a) one-third to my Brother Lloyd H. Michael, (B) one-third to my Brother Edward T. Michael. (C) one-third to my brother Wilford M. Michael."
 The first paragraph directed the payment of debts. The third and final paragraph nominated executors.
 The order and decree settled the final account, found that the law required the appointment of a trustee in order to carry out the trust created by the will, and appointed the respondent bank as such trustee. It then distributed the estate to this trustee with directions to pay to James William Faris during the period of his minority a reasonable sum for his maintenance; to pay him the net income after he attained the age of majority; and to "distribute" to him all of the corpus of the estate with any remaining income when he shall have attained the age of 25 years.
 [1] The sole contention of the appellant is that no trust was created by the terms of the will and that the remaining estate should be distributed directly to him as guardian of James William Faris. The appellant relies on McCloud v. Hewlett, 135 Cal. 361 [67 P. 333] and Estate of Ogden, 78 Cal.App. 412 [248 P. 680]. Other cases are also cited which require no consideration. It is argued that the facts in Estate of Ogden are on all fours with those in the instant case, and that McCloud v. Hewlett is in direct conflict with Estate of Yates, 170 Cal. 254 [149 P. 555], relied on by the respondent.
 We are unable to see that Estate of Ogden is on all fours with the instant case. In that case, the first words giving the property were not qualified. Not only was a trust not mentioned but the executors were not even authorized to hold the property or to do anything with it. There was no "gift over" provision in the event of the death of the devisees. Moreover, it was conceded that the decree should be reversed.
 The case of McCloud v. Hewlett involved the liability of sureties and whether their principals had been acting as executors or as trustees. The will gave the property to the grandchildren and in a separate subdivision directed the executors to invest and hold the property until the grandchildren, respectively, attained their majority. It was held that there was nothing anywhere in the will to indicate an intention to establish a trust. In Estate of Yates, the fifth, subdivision of the will gave $1,000 to Roscoe Smith. The next sentence in the same paragraph provided that this was to *517 be paid to him when he arrived at the age of 25 years. However, the fourth and sixth subdivisions of this will made similar bequests to others with provisions that these amounts be held in trust until those parties arrived at the age of 25 years. It was held that an intention to create a trust sufficiently appeared; that the time of payment of the bequests was postponed; and that Smith was not entitled to receive the corpus until he reached the age of 25 years. These cases are sufficiently distinguished, for our purposes, by the fact that an intention to create a trust was otherwise expressed in the will in the Yates case and was not so expressed in the McCloud case.
 If there is any conflict between the cases just referred to it is not material here. Not only is the instant case more like the Yates case in that an intention to create a trust for the purpose of handling the estate in the meantime sufficiently appears here, but the instant case goes farther than either of those cases in that the terms of this will clearly disclose an intention to make both a delayed and a conditional gift to the son. This appears from the provisions for a deferred time of payment and for the handling of the property in the meantime, and from the gift of the property to others in the event of the death of the son.
 It has frequently been held that a "gift over" clause in a will is a strong indication that the testator did not intend an immediate vesting of interest in the beneficiary at the time of the testator's death. (Estate of Blake, 157 Cal. 448 [108 P. 287]; Estate of Klein, 23 Cal.App.2d 708 [74 P.2d 79]; Estate of Riemer, 69 Cal.App.2d 634 [159 P.2d 677]; Estate of Welch, 83 Cal.App.2d 391 [188 P.2d 797].)
 The will here in question does not purport to make an immediate gift. In the same sentence the property is left "to my beloved Son ... to be turned over to him at the time he becomes (25) twenty-five years of age." In the same subdivision of the will it is then provided that "until then" the estate is to be "handled" by the executors, and that in the event the son dies leaving no children the entire estate is to be divided between the testator's three brothers. An intention that the property should not vest in the son unless and until he reached the age of 25, and that the property should be held in trust in the meantime, clearly appears.
 Apparently by inadvertence the decree, as entered, fails to carry out the alternative provision of the will by failing to provide that the trustee should deliver the remaining property *518 to the brothers of the testatrix in the event her son should die without issue before reaching the age of 25 years. The decree should be modified accordingly.
 The decree of distribution is modified by adding thereto a provision reading as follows: "In the event James William Faris should die without issue before reaching the age of twenty-five (25) years, said trustee shall distribute all of the corpus of said estate, with any remaining income, to Lloyd H. Michael, Edward T. Michael and Wilford M. Michael."
 As so modified, the decree is affirmed.
 Griffin, J., and Mussell, J., concurred.